ADDISON GOODELL *et al.*

*v.*

NIELS P. LASSEN.

1. INJUNCTION—*to prevent trespass.* Before a court of equity will lend its aid to enjoin a mere trespass, the facts and circumstances must be alleged in the bill from which it may be seen that irreparable mischief

10—69TH ILL.

will be the result of the act complained of, and that the law can afford the party no adequate remedy.

2. Where the owner of a leased building sought, by bill in chancery, to enjoin a tenant, who had leased rooms from a prior owner, from attaching to the building a sign of three gilded balls to indicate his business of pawnbroker, there being no stipulation in the lease as to the signs to be used or where they should be placed: *Held*, that, if the owner would be injured in consequence of the acts sought to be restrained, his remedy at law was complete and adequate, and that it did not appear that any irreparable injury would follow the proposed act.

Appeal from the Circuit Court of Cook county; the Hon. Erastus S. Williams, Judge, presiding.

This was a bill in chancery, by Addison Goodell, Sellick B. Warner and Erastus P. Marsh against Niels P. Lassen, for an injunction. The court below sustained a demurrer to, and dismissed the bill, and assessed defendant's damages at $75. The complainants appealed.

Mr. Alex. S. Bradley, for the appellants.

Mr. Thomas Shirley, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

The facts, as alleged in the bill, present no grounds for the interposition of a court of chancery. Appellants have clearly applied to the wrong forum. No reason is shown why they have not a complete remedy at law. The act sought to be restrained is, in itself, a mere trivial trespass, and it can hardly be said to be the cause of irreparable injury.

Appellee rented of appellants' grantor two rooms in the building on the corner of Clark and Monroe streets, in Chicago, for the period of one year from the 15th day of March, 1873. No stipulation was put into the lease as to the signs which could be used, or where they should be placed, but it is alleged it was the understanding and agreement, outside the terms of the written lease, that the tenant should use such and so many signs, and put them in such places as the land-

lord should designate, provided he designated suitable and usual places with regard to the rights of all concerned in the building. The rooms let to appellee are situated on the second floor, and front alone on Monroe street, but there is a stairway in the building leading from both Clark and Monroe streets. Appellee is, by occupation, a pawnbroker, and, to indicate his business, had attached a projecting sign, consisting of "three gilded balls," from the front on Clark street. The sign had been removed by some one, and it is alleged appellee was about to replace it, and this is the act sought to be enjoined.

The mere act of attaching the sign to the wall of the building could not be said to be the cause of irreparable mischief, but the allegation is, the sign indicates a disreputable business, will injuriously affect the trade or business of the other tenants. and will injure the house for rental purposes. It is not perceived how there could be, in the nature of things, any injury to the reversion. Whatever damage the sign may cause, it is manifestly to the interests of the tenants, for which they could maintain an appropriate action.

We are unable to appreciate how a temporary inconvenience, as this necessarily is, for it must terminate with the lease, can be said to be the cause of irreparable injury. Before a court of equity would lend its aid to enjoin a mere trespass, the facts and circumstances must be alleged in the bill, from which it may be seen that irreparable mischief will be the result of the act complained of, and that the law can afford the party no adequate remedy. *Livingston* v. *Livingston,* 6 Johns. Chy. 497.

No such facts are shown by the record. It does not appear when the leases of the other tenants will expire—whether before or after that of appellee. Nor is it shown that a distasteful sign placed on the building without the consent of the landlord, would constitute any defense for the non-payment of rent. Whether it would injuriously affect the trade or business of the other tenants by driving away their customers, is

a question that can be much better tried in a court of law, if they shall see fit to bring such an action.

The most that can be said of this sign is, that it is a temporary offense against the taste of the other tenants, and perhaps to some of their customers. No doubt, if one interferes with his tenants so as to disturb their enjoyment, and thereby cause loss of rent, the landlord may have an action. Taylor Land. and Ten. sec. 173. But if the interruption is a mere temporary disturbance, it is in no just sense an irreparable injury.

Construing the allegations of the bill most favorably for appellants, no case is made that would entitle them to relief, and the decree dismissing the bill must be affirmed.

*Decree affirmed.*