71 | 59
30a | 457
71 | 59
36a | 603
71 | 59
142 | 536
71 | 59
46a | 59
71 | 59
197 | 1 96
71 | 59
201 | 1 161

## MARCUS LACHMAN

*v.*

## FRANK DEISCH *et al.*

1. JURISDICTION *of county courts — injury to real estate.* The act of 1872 gave justices of the peace jurisdiction in "all actions for damages for injuries to real property," and, by a recent statute, county courts were given concurrent jurisdiction with the circuit courts in all that class of cases in which justices of the peace have jurisdiction where the amount does not exceed $500.

2. OWNER OF LAND *may recover while tenant is in possession.* The owner of real estate may maintain an action in the county court for a permanent injury to his property by the construction of a drain, notwithstanding it is in the occupancy of a tenant.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was an action brought by Frank Deisch and Paul Deisch, minors, by their next friend, against Marcus Lachman, to recover damages for an injury to the plaintiff's real estate by the construction of a drain. The suit was originally commenced in the county court, and appealed to the circuit court, where a trial was had affirming the judgment of the county court, which was for $500, in favor of the plaintiffs.

Mr. D. H. PINNEY, for the appellant.

Mr. R. E. BARBER, for the appellees.

60        LACHMAN *v.* DEISCH *et al.*      [Sept. T.

Opinion of the Court.

Per CURIAM: This action was commenced in the county court, to recover damages for injuries to real estate. There was sufficient proof made on the trial. of title in appellees.

By the second clause of the 13th section of the act in force July 1, 1872, justices of the peace are expressly given jurisdiction in "all actions for damages for injuries to real property," and, by a recent statute, county courts have concurrent jurisdiction with the circuit courts in all that class of cases in which justices of the peace have jurisdiction, where the amount does not exceed $500. Hence the objection, the county court did not have jurisdiction of the subject matter of this suit, is untenable.

There is no authority for saying the owners could recover damages for injuries to the possession of the property while in the occupancy of a tenant, but the evidence shows damages to the realty in amount equal to that found by the jury. The drain, as constructed, will permanently affect the rental value of the premises, and in such cases it is the settled law the owner may recover. It is upon the principle it would continue to affect the reversionary interest in the realty after the expiration of the tenancy. Taylor on L. and T. sec. 173; *Goodell* v. *Lassen,* 69 Ill. 145.

The instructions asked by appellant were not specially applicable to the facts of the case in the view of the law we have taken, and whether they state correct abstract principles of law or not, the court properly refused to give them.

Substantial justice has been done, and the judgment must be affirmed.

*Judgment affirmed.*