## CHICAGO & ALTON R. R. Co.
### v.
## HIRAM C. CALKINS.

1.  INJURY TO REAL PROPERTY—JURISDICTION.—The expression "injury to real property" used in clause 2, §13, Ch. 79 of the Revised Statutes, which defines the jurisdiction of a justice of the peace, embraces all injuries to real property, whether direct or consequential.

2.  CAUSE OF ACTION—INSTRUCTION.—Where the evidence tended to show that certain works built by a railroad company were permanent in their form and character, and that the injury thereby occasioned to the adjoining property was a loss to the then owner, for which he then had a cause of action which did not pass to plaintiff by his deed. *Held*, that it was error in the court to refuse to instruct the jury upon this view of the law.

APPEAL from the Circuit Court of Greene county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed October 5, 1885.

Messrs. PATTERSON & STARKEY and Messrs. WITHERS & HENSHAW, for appellant; that the justice of the peace had no jurisdiction of the cause, cited Winkler v. Meister, 40 Ill. 349; I. C. R. R. Co. v. Reedy, 17 Ill. 580; McConnell v. Kibble, 29 Ill. 483; Stuckey v. Churchman, 2 Bradwell, 584.

The injury, if any, was to appellee's grantor: I. C. R. R. Co. v. Allen, 39 Ill. 207.

Mr. DAVID F. KING, for appellee.

WALL, P. J. The present action was instituted before a justice of the peace, where the plaintiff recovered a judgment from which the defendant took an appeal to the circuit court, and being defeated there also brings the case here, and assigns various grounds for error. The cause of action is an injury sustained to the real estate of the plaintiff by reason of an overflow of water produced, as alleged, by the works of the defendant. The property of plaintiff lies near the track of defendant and near a small stream or "branch," which is crossed by the embankment on which is placed the defendant's

track. Under the embankment is a culvert, built for the purpose of accommodating the water of the stream or "branch" which runs in a northern course and meets another stream on the north side of the track. In order to provide a supply of water the defendant made a large reservoir by placing a dam across the depression formed by the union of the two streams or branches, and the water, finding its level, backs up and at some periods stands in the first mentioned branch above the top of the culvert.

It is claimed by the plaintiff that while the culvert may have been sufficient for all ordinary purposes before the reservoir was made, it is not so now, and that the bottom of the branch and reservoir is filling up with earth washed from the general watershed, so that there is a growing tendency to overflow, and that the injury done to his property is the natural and necessary consequence of the works of the defendant. The defendant insists that due skill and foresight were used in making an outlet, and that the injury in question was caused by an extraordinary storm which it was not bound to anticipate and provide for. The case having been thus stated, it is proper now to notice a preliminary question, raised by the appellant, as to whether the subject-matter was within the jurisdiction of a justice of the peace.

By clause 2, Sec. 13, Ch. 79, R. S., that officer has jurisdiction "in actions for damages for injury to real property or for taking, detaining or injuring personal property." The expression here used, "injury to real property," is about as comprehensive as could well be devised, and would seem to embrace all injuries, whether direct or consequential, and this we understand to be the view taken by the Supreme Court in Lachman v. Deisch, 71 Ill. 59. We are of the opinion the justice had jurisdiction. Upon the question whether in the construction of the culvert and reservoir the railroad company had used proper care and foresight, and whether the provision made was sufficient for all ordinary purposes, there was much conflicting evidence. There can be no doubt the flood was unusual in quantity and effect and that it may well be termed extraordinary, and were the features of the case un-

C. & A. R. R. Co. v. Calkins.

complicated by the testimony showing to some extent a deposit of mud and sediment, we should have no hesitation in saying that, by the weight of evidence, the company had made such provision as could reasonably have been required, and is therefore not liable for the damages complained of. I. C. R. R. Co. v. Bethel, 11 Bradwell, 17, and authorities there cited. We are inclined, however, not to determine this question of fact in view of another point, purely legal in its nature, which is presented for our consideration. It appears that the plaintiff purchased the property after the works of defendant had been constructed. The evidence tends to prove that these works are permanent in their form and character and that the injury thereby occasioned to the property was a loss to the then owner, for which he then had a cause of action. The injury was in the liability to overflow by reason of the manner in which the works were built, and the situation, in a legal aspect, was the same as though there was then a permanent excavation or obstruction upon the property. We say the evidence tends to show such a state of facts and that the cause of action had accrued to the person who then owned the lot. This cause of action was not assignable and did not pass to the plaintiff by his deed. I. C. R. R. Co. v. Allen, 39 Ill. 207; Maher v. C. & A. R. R. Co., 91 Ill. 312.

The defendant asked the court to instruct the jury upon this view of the law, but the court refused, and in this ruling there was error, prejudicial to the defendant. The court also refused to permit the witness Hubbard to express his opinion as to the capacity of the culvert to carry away all the water that might be expected. This witness was an engineer of experience in such matters, and we think as an expert he might properly give his opinion to the jury upon this point.

The judgment will be reversed and the cause remanded.

Reversed and remanded.