# WILLIAM SKINNER AND WILLIAM CANNON
## v.
# F. S. MORGAN.

*Individual Liability of Highway Commissioners for Negligence—Open Ditch—Jurisdiction of Justices of Actions to Recover Damages for Injuries to Personal Property.*

1. Commissioners of Highways are individually liable for injuries resulting to others from the negligent performance of their official duties in constructing or repairing a public highway, such duties being ministerial.

2. It is negligence on the part of Highway Commissioners to leave a tile ditch along a highway open for months, without proper measures to protect those using such highway.

3. A Justice of the Peace has jurisdiction of an action to recover damages for an injury to personal property caused by the negligent performance by Highway Commissioners of their duties.

[Opinion filed August 26, 1886.]

APPEAL from the County Court of Champaign County; the Hon. J. W. LANGLEY, Judge, presiding.

Statement of the case by CONGER, J. This case was brought into the County Court of Champaign County by appeal from a Justice of the Peace, where appellee sued appellants and one Meibach, to recover for the loss of a steer alleged to have been killed by falling into an open ditch while being driven along the public road, in September, 1885.

Defendants below became Commissioners of Highways of Tolono Township at the following dates: Cannon in 1883, Meibach in 1884, and Skinner in 1885. Before any of them came into office, there was an open ditch about one-half mile long, running along the north side and parallel with the road leading east from the village of Tolono, through which the water from certain ponds situated in the road ran toward the Embarras River. This ditch is described by witnesses who measured it as being seven feet wide and four feet deep. The north bank next to the wire fence was nearly perpendicular,

while the south bank sloped at an angle of about forty-five degrees to the bottom. After Skinner came into office in the spring of 1885, the Board of Commissioners caused to be dug in the bottom of this open ditch a tile ditch about two feet deep and one foot wide, in which an eight-inch tile was laid, and filled in six or eight inches of earth, leaving about one foot of the tile drain open. The work was completed about June 1st. The commissioners testified that in digging this tile ditch numerous veins of sand were cut across, which were of such a nature as to make it probable that the tile would settle unevenly and need to be re-adjusted before the ditch prepared for them was filled; for which reason the ditch, or about one foot of it, was left open. In the latter part of September, 1885, Morgan, when driving four steers along this road in the direction of Tolono, had the misfortune to have one of them killed by falling into this ditch, as he alleges. Attributing his loss to the negligence of these commissioners, he brought this suit against them as individuals, before a Justice of the Peace, to recover the damage incident to the loss.

Mr. J. O. CUNNINGHAM, for appellants.

The reasoning of the court in Sykes v. Town of Pawlet, 43 Vt. 439, is strongly against the liability of the defendants.

This court had a similar question before it in Pickerell v. Kunst, 15 Ill. App. 46, and decided the commissioners not liable. (See, also, 2 Thompson on Negligence, 819.)

The court improperly refused instructions for the defendants based upon the legal and proper discretion vested in Commissioners of Highways, the effect of which is in all cases to make these officers liable for the negligence of any and all passers over their roads, and to require action on their part whether they have money to do with or not. Town of Harwood v. Hamilton, 13 Ill. App. 358.

Mr. J. L. RAY, for appellee.

CONGER J. Two questions arise upon this record: First, are Commissioners of Highways individually liable for an in-

jury resulting to others from the negligent performance of their duties as such commissioners?

We think this question is settled in the affirmative in Tearney v. Smith, 86 Ill. 391, where the court say: "The work of constructing or repairing a public highway is not a judicial but a ministerial act, and must be performed with a proper regard to individual rights as well as the public accommodation. Commissioners of Highways are only in a very limited sense judicial officers; repairing a highway is not of that character. For the negligent performance of ministerial acts they are personally responsible if injury results to others."

In this case there was a dangerous excavation, made by the commissioners themselves, left for months along the side of the highway, with no guards or other protection to the traveling public, for the purpose, as the commissioners claim, of testing the effect of tiling placed therein.

The commissioners had no right to thus expose the lives and property of citizens. If they desired for any purpose to leave such a dangerous ditch open until they could satisfy themselves as to its character or capacity, they should have taken some proper measures to protect the public while they were thus experimenting.

The second question is: Has a justice jurisdiction of an action founded upon an injury to the personal property of another, caused by the negligent performance on the part of the commissioners of their duties?

The determination of this question depends upon the proper construction of the second paragraph of Sec. 13, chapter 79, which declares that Justices of the Peace shall have jurisdiction "in actions for damages for injury to real property, or for taking, detaining or injuring personal property."

We said in C. & A. R. R. Co. v. Calkins, 17 Ill. App. 55, "The expression here used, 'injury to real property,' is about as comprehensive as could well be devised, and would seem to embrace all injuries, whether direct or consequential; and this we understand to be the view taken by the Supreme Court in Lackman v. Deisch, 71 Ill. 59." We think the same may be said of the expression "injuring personal property." Prior

to the revision of 1872 the jurisdiction of a justice in relation to injuries to personal property was given by the 12th paragraph of Sec. 18, Chap. 59, and was as follows: " In all actions of trespass on personal property, and of trover and conversion in which the damages claimed do not exceed $100." The same language was also used prior to the revision, in reference to a justice's jurisdiction over injuries to real estate, confining such jurisdiction clearly, to trespass alone, and not to actions in the nature of actions on the case; for by the Act of February 15, 1855, Laws of 1855, page 139, it is provided: "That the jurisdiction of Justices of the Peace be and the same is hereby extended so as to include all actions for trespass upon real estate, etc."

We think the Legislature, by the revision of 1872, intended to enlarge the jurisdiction of a Justice of the Peace so as to embrace every class of injuries, both to real estate and personal property, whether direct or consequential, when the damages claimed do not exceed $200.

We perceive no good reason why damages for consequential injuries to personal property, for the recovery of which in a court of record an action on the case would be proper, may not be recovered before a Justice of the Peace as well as damages for the same character of injuries to real estate.

Numerous errors are assigned upon the instructions, but as they are substantially in accord with the views herein expressed, they will not be particularly noticed.

The judgment of the County Court will be affirmed.

*Affirmed.*