## PHILIP BISCHMANN
### v.
## AUGUST BOEHL.

*Real Property—Drainage—Damages—Circuit and Justice Courts—Jurisdiction of—Instructions.*

1. In an action to recover damages for causing water to flow on the land of the plaintiff through a tile drain, this court holds that the evidence, although conflicting, sustains the view that the land injured was not the servient heritage or estate.

2. A justice court has original and a circuit court appellate jurisdiction in all cases of injury to real property, whether the damages are actual or merely nominal.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Will County; the Hon. GEORGE W. STIPP, Judge, presiding.

Messrs. J. T. DONAHOE and BENJ. OLIN, for appellant.

Mr. C. W. BROWN, for appellee.

The provision is (R. S., Chap. 79, Sec. 13), that justices shall have jurisdiction "in actions for damages for injury to real property." It would seem explicit enough to warrant the language used in the very case cited by appellee, C. & A. R. R. Co. v. Calkins, 17 Ill. App. 56. Say the court there, in construing this paragraph, "The expression here used is about as comprehensive as well could be devised, and would seem to embrace all injuries, whether direct or consequential."

The principle that for a violation of every legal right, nominal damages, at least, will be allowed, applies to all actions, whether for tort or breach of contract, and whether the right is personal or relates to property. 1 Sutherland on Damages, pp. 10 and 11.

Actual damage is not necessary to an action; a violation of a right, with the possibility of damage, is sufficient ground. *Ib.* p. 13.

Our own Supreme Court say, in Plumleigh v. Dawson, 1 Gilm. 551: "There are some few cases in which the doctrine seems to be sanctioned that there must be proof of actual damage to entitle the plaintiff in this and like cases to a recovery. * * * But I think the doctrine well settled that where a party is deprived of such a right the law will imply some damage; for otherwise, before the party might be able to prove actual damage, the wrongdoer might acquire a right by prescription, or upon the presumption of a grant. Thus an injury is likely to ensue from such an invasion of his right, and which is sufficient damage to sustain this action for the recovery of nominal damages at least, and so establish his right."

UPTON, J.   This was a suit brought before a justice of the peace for consequential damages, claimed to have been done to the land of appellee by means of a tile drain laid by the appellant on his own land or farm, some distance from the farm of the appellee, by which, as is alleged, water from a large pond on the land of appellant is carried onto the land of appellee, to which, in a state of nature, the land of appellee was not servient.

A trial was had in the justice court and appeal taken to the Cicruit Court of Will county, where a trial was had before a jury and a verdict was found for appellee for nominal damages, and judgment being rendered upon the verdict, appellant brings the case to this court by appeal, and assigns for error:

1st.   That the judgment of the court below is not sustained by the evidence; and—

2d.   That the justice court had no original, and the Circuit Court no appellate jurisdiction, the verdict being for presumptive, or nominal, and not for actual damages.

The question raised under the first assignment is entirely one of fact—whether the water flowing from the pond in question, in a state of nature, flowed northerly, toward the lands of appellee, or southerly, and in another direction from appellee's land.

It was the province of the jury to weigh and consider the evidence, and to judge from the appearance of the witnesses on the stand what weight should be given to their testimony; and unless we can see that their finding is so contrary to the evidence as to impress the court with the belief that the verdict is the result of passion or prejudice we ought not to disturb it. We have carefully reviewed all the evidence in the record of this case, and, while it is somewhat conflicting, we think the jury were justified in finding that as to the pond in question the appellee's land was not the servient heritage or estate; that, in a state of nature, the water from it flowed to the south, and away from the lands of the appellant, as the jury by their verdict found.

As to the second point: It is admitted by appellant's attorneys that when the damages are direct or consequential, and not merely nominal, a justice of the peace would have jurisdiction, as held in C. & A. Ry. v. Calkins, 17 Ill. App. 56. That was an action brought before a justice of the peace to recover for an alleged injury to real estate of the plaintiff by reason of an overflow of water, produced, as was alleged, by the works of the defendant, by placing a dam across a depression, which, in a state of nature, drained plaintiff's land, which dam caused the water to set back upon the lands of plaintiff.

In that case a challenge was made to the jurisdiction of the justice, and the court, in construing the second clause of Sec. 13, Chap. 79, being the same act under which suit is brought in the case at bar, say: " By this clause the justice of the peace has jurisdiction in action for damages or injury to real property. * * * The term or expression here used, 'injury to real property,' is about as comprehensive as could well be desired, and would seem to embrace *all injuries*, whether direct or consequential."

In Lachman v. Deisch, 71 Ill. 59, the same principle is announced.

In Plumleigh v. Dawson, 1 Gilm. 531, it is said : " There are some few cases in which the doctrine seems to be sanctioned that there must be proof of actual damages to entitle the plaintiff to a recovery. * * * But I think the doctrine

well settled that when a party is deprived of such a right the law will imply some damage, for otherwise before the party might be able to prove actual damage the wrongdoer might acquire a right by prescription or the presumption of a grant. Thus an injury is likely to ensue from such an invasion of his right, and which is sufficient damage to sustain this action for nominal damages, at least, and so establish his right. It is the opinion of the court that an action will lie for the violation of the right, without proof of actual damage."

" The plaintiff having proved very clearly a diversion, the law implies some damage, unless justified." Pilgrim v. Mellor, 1 Ill. App. 448.

The reasoning of that case and the others cited, we think, meets the objection taken to the jurisdiction of the courts below, and fully sustains that jurisdiction.

The instructions modified by the court below, instructing the jury that the appellee was entitled to recover nominal damages if the tile were wrongfully put down, without regard to actual damages, we regard correct.

In our judgment, the justice had jurisdiction, under the statute, " in all cases of injury to real property," whether the damages arising from such injury were actual or merely nominal damages.

Finding no error in the record of the court below, the judgment below is affirmed.

*Judgment affirmed.*