S. S. KEYSER

v.

ORA J. MANN.

*Trespass—Way—Prescription—Jurisdiction of Justice—Limitations—Evidence—Instructions.*

Keyser v. Mann.

1. In an action of trespass brought for the recovery of damages for obstructing a way, this court holds that the plaintiff is entitled by prescription to the use thereof, and that the justice had jurisdiction of the controversy involving the same.

2. In such actions the running of the statute of limitations is not interrupted by the death of the original grantor.

[Opinion filed July 1, 1889.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. ISAAC C. EDWARDS and J. M. HARNIT, for appellant.

An easement being connected with and appurtenant to real estate, so far partakes of the character of land that it can only be acquired by grant or prescription, which implies a previous grant. The declaration of appellee's grantor, whether made before or after his conveyance, were not admissible to prove the grant. Forbes v. Balenseifer, 74 Ill. 183; Washburn on Easements, 32.

If it was not a public road, then, inasmuch as appellee does not claim the strip of ground by grant from Joseph Bohrer, it was either the private property of the heirs of Joseph Bohrer, or it had been given to the citizens of Oak Hill. In either case appellee could not sue in her name for trespass to it. It was not such an injury to her real estate as a justice would have jurisdiction of by the justice act. The damage to appellee, if any, would be consequential and not direct. A justice of the peace has no jurisdiction in actions on the case. Stuckey v. Churchman, 2 Ill. App. 584; Horne v. Mandelbaum, 13 Ill. App. 607.

At the time Joseph Bohrer sold the eighty acres to appellee, he did not own the surrounding land, except the strip in controversy, and she could not get an easement over that by necessity. Kuhlman v. Hecht, 77 Ill. 570.

The right claimed by appellee was, that she had the use of the drive-way over the vacant ground in common with the public. It does not appear to us that this was of that exclusive, adverse and marked character which is sufficient to prove

the prescription upon which the appellee relies.    It was in no degree injurious to the owner of the soil, and therefore not likely to produce any resistance on his part, and was merely permissive.    Donnell v. Clark, 19 Me. 174.

If the occupation was permissive, and not adverse to the owners of the soil, no right by prescription could be acquired. Parker v. Farmingham, 8 Met. 268.

In the case of Kyle v. Town of Logan, 87 Ill. 64, Judge Breese held that the public did not acquire a public road over vacant and uninclosed land by travel over the same for twenty years or more, merely from acquiescence on the part of the owner; and that acquiescence by the owner, with the knowledge of such travel by the public without objection, was not sufficient to give a road to the public by prescription.    The same doctrine is held in Fox v. Virgin, 11 Ill. App. 513.

Messrs. JACK & TICHENOR, for appellee.

Counsel for appellant contends that the justice had no jurisdiction in this case, and this question we will consider first. That portion of the statute here applicable provides that the justice's jurisdiction shall extend to "actions for damages for injury to real property, or for taking, detaining or injuring personal property."  Chy. P. 79, Par. 13, Clause 2.  It was the evident intention of the Legislature in passing this act to extend the jurisdiction of justices to all classes of cases involving injuries to real property, and not to limit its application to some particular line of injuries, otherwise apt terms would have been introduced indicative of its scope.    Indeed, the very statute relating to this subject in force prior to the passage of this act in 1873 provided, "The jurisdiction of justices of the peace is hereby extended so as to include all actions for trespass upon real estate, where the sum claimed does not exceed $100."    Laws of 1855, Feb. 15, Par. 139, Sec. 1.    By that law the justice had jurisdiction to the extent now claimed by opposing counsel.    If the law of 1873 does not extend this jurisdiction, what was the object of the legislation?    The passage of this act was either a work of supererogation, or it operated to extend the jurisdiction to include "actions for

damages for injury to real property," as it declares. The language of the statute is broad and comprehensive, free from limitation, and couched in words clear and unambiguous.

This precise question was before the Appellate Court in Chicago & Alton R. R. Co. v. Calkins, 17 Ill. App. 55. In rendering its decision, the court says: "By Clause 2, Sec. 13, Ch. 79, R. S., that officer has jurisdiction in 'actions for damages for injury to real property, or for taking, detaining or injuring personal property.' The expression here used, 'injury to real property,' is about as comprehensive as could well be devised, and would seem to embrace all injuries, whether direct or consequential, and this we understand to be the view taken by the Supreme Court in Lachman v. Deisch, 71 Ill. 59. We are of the opinion the justice had jurisdiction." The opinion in the case cited from the Supreme Court is equally strong and to the same effect.

Appellee maintains that, by continuous user and enjoyment of the way in question for more than twenty years, if not otherwise, she has acquired a right therein by prescription, which no one can lawfully disturb, and the law applicable to the undisputed facts shows clearly and satisfactorily that her position rests upon solid foundations.

In Coolidge v. Learned, 8 Pick. 504, the court says: " It has long been settled, that the undisturbed enjoyment of an incorporeal right affecting the lands of another for twenty years, the possession being adverse and unrebutted, imposes on the jury the duty to presume a grant, and in all cases juries are so instructed by the court. Not, however, because either the court or jury believe the presumed grant to have been actually made, but because public policy and convenience require that long continued possession should not be disturbed." This is the law in Illinois as well as in every other State in the Union. Vail et al. v. Mix et al., 74 Ill. 127; Ballard v. Struckman, 123 Ill. 636.

The essential elements of adverse user are succinctly and correctly stated in Garrett v. Jackson, 20 Pa. St. 331. The court there says: " Where one uses an easement whenever he sees fit, without asking leave and without objection, it is

adverse, and an uninterrupted adverse enjoyment for twenty-one years" (the period of limitation for quieting titles in that State) " is a title which can not afterward be disputed.    *    *    *    The owner of the land has the burden of proving that the use of the easement was under some license, indulgence or special contract inconsistent with a claim of right by the other party."    And likewise in Massachusetts it has been held that the enjoyment of the right to flow another's land for twenty years, if unexplained, will raise a presumption of grant, although no actual damage could be shown to be occasioned thereby.    "It may be deemed adverse, if in any degree it tend to impose any servitude or burden on the estate of another."    Williams v. Nelson, 23 Pick. 141; See, also, Grigsby v. Clear Lake Co., 40 Cal. 406.

In Washburn on Easements and Servitudes, 156, the author says : "It is not, however, necessary to show that the act which forms the basis of the prescription did any actual damage to the party against whom it is claimed, provided it was an invasion of his right."    "And if there has been the use of an easement for twenty years unexplained, it will be presumed to be under a claim of right and adverse, and be sufficient to establish a title by prescription, and to authorize the presumption of a grant unless contradicted or explained."    Citing Miller v. Garlock, 8 Barb. 153; Chalk v. M'Alily, 11 Rich. 153; Williams v. Nelson, 23 Pick. 141, 147; Blake v. Everett, 1 Allen, 248; Union Water Co. v. Crary, 25 Cal. 509; School District v. Lynch, 33 Conn. 334; Ingraham v. Hough, 1 Jones (N. C.), 39; Olney v. Fenner, 2 R. I. 211; Richard v. Williams, 7 Wheat. 59, 109, and many others.

In Cox v. Forrest, 60 Md. 74, a case strikingly similar to this was before the court.    Judge Robinson, in delivering the opinion of the court, says: "This is an action to recover damages for obstructing a private right of way claimed, over the land of appellee.    In the absence of an express grant, it was necessary for the plaintiffs to prove an adverse, exclusive, and uninterrupted enjoyment of the right of way in question for twenty years.

"By *adverse* is meant *user* without license or permission,

for an adverse right of an easement can not grow out of a permissive enjoyment, the real point of distinction being between a permissive or tolerated user, and one which is claimed as a matter of right. Where one, however, has used a right of way for twenty years unexplained, it is fair to presume the user is under a claim of right, unless it appears to have been by permission. In other words, the use of a way over the lands of another whenever one sees fit, and without asking leave, is an *adverse* use, and the burden is upon the owner of the land to show that the use of the way was by license or contract inconsistent with the claim of right."

In Hammond v. Zehner, 23 Barb. 473, the court says: " The answer states that the dam had been erected upward of twenty years, and that the defendant, and those under whom he claimed, had been in the actual and peaceable possession and occupancy of the dam and its appurtenances for upward of twenty years, for the purpose of supplying the defendant's grist mills, and that the dam had been kept up at its present height. And these facts were proved. Upon this evidence, and unless some evidence was given by the plaintiff to rebut it, by showing that the defendant's occupation, so far as related to flow of water raised by the dam upon his land, was by leave or license, or without claim of right, was sufficient to authorize the jury to imply a grant of the easement. The question was for the jury, upon the evidence. The burden of proving an adverse possession is on the party claiming the easement. But the use of an easement twenty years, unexplained, will be presumed to be under a claim or assertion of right and adverse, and not by leave or favor of the owner. 3 Kent, 442; 3 East, 277, 300; 14 Mass. 53; 3 Bing. 115. If the party claiming the easement shows an open and uninterrupted enjoyment for twenty years, * * * proof must come from the other side to show that such use of the defendant's land was by license or permission, or that it was restrained or limited in point of time. Finch v. Partridge, 2 Ver. R. 391; Cross v. Lewis, 2 B. & Cress. 686; 8 Barb. 155 ; 19 Wend. 366." See, also, Tickle v. Brown, 4 Ad. & E. 369; Garrett v. Jackson, 20 Pa. St. 331; School District v. Lynch, 33 Conn. 334.

' C. B. SMITH, J. This suit was commenced before a justice of the peace and resulted in a verdict for appellee for $13, and on appeal to the Circuit Court on a trial there had, resulted in a verdict for appellee for $1, and after overruling a motion for a new trial, the court rendered judgment on the verdict. Appellant brings the case here on appeal and asks for a reversal of the judgment.

The facts out of which this suit grows are about these: In 1856 Joseph Bohrer owned considerable land in Rosefield township, and among others, sections 6, 7 and 12, or parts of them at least. He laid out about that time the village of Oak Hill. In 1867 he sold appellee, Mrs. Ora J. Mann, the east half of the northeast quarter of section 12, the northern portion of this eighty-acre tract lying immediately west of the southern portion of the corporate line of the town of Oak Hill. It seems that for several years before Bohrer sold the land to Mrs. Mann, he had access to it over a road extending from Depot street in the village, in a westerly direction, over a small piece of vacant ground, to the farm; this road runs along under a high bluff on one side, and a swamp on the other side, and is and always has been the only way to reach this eighty-acre farm from the town. This strip seems to have belonged to Bohrer, when he deeded the eighty to Mrs. Mann. So far as we can gather from this record, this strip of land seems to be very narrow and small and to be of little or no value except for the purpose of a road for Mrs. Mann to get to her farm, and to get to a sand bank which is a valuable part of her farm. At the time the deed was made to Mrs. Mann, Bohrer owned this strip of land and then assured Mrs. Mann that the road would forever remain open, and would furnish her an outlet from her farm. The proof is clear that she and her tenants, and those hauling sand off her farm have used this strip of land since she bought it in 1867, and that it had been used by others for ingress and egress to the farm / and sand bank for many years before, reaching back as far as forty years, and that it has always been in substantially the same track. This was the condition of things until in 1888, when appellant Keyser shut up and obstructed this roadway

Keyser v. Mann.

by ditches and fences under the direction of William Bohrer, one of the heirs of Joseph Bohrer, who sold the land to appellant. Appellee brought suit for this obstruction before a justice of the peace, and claims damages; she claims the road as a private right of way on two grounds: first, by prescription, and second, as a road appurtenant under the deed to her from Joseph Bohrer.

We think the proof clearly establishes the plaintiff's right to use this road by prescription; she herself has been using it constantly since 1867, and the proof is that her grantors and others, through whom she holds title, had been using the road for nearly forty years. With this view of the case it is unnecessary for us to consider whether she had the additional right to use the road as appurtenant to her purchase and deed when she bought from Bohrer. We think also the justice had jurisdiction under the statute. Chicago & Alton R. R. Co. v. Calkins, 17 Ill. App. 55; Lachman v. Deisch, 71 Ill. 59.

The refusal of the court to allow the evidence of witness to show the death of Joseph Bohrer, the original grantor, in order to interrupt the running of the statute of limitations, was not error, as when the statute begins to run, it continues even after the death of the original owner.

The refused instructions were properly refused because they were not applicable to the issues being tried, as there was no doubt nor claim that appellee was not in the actual possession of the road just prior to and at the time it was obstructed.

*Judgment affirmed.*