## GEORGE NORTHRUP
## v.
## WILLIAM J. SMOTHERS.

*Jurisdiction—Justice—Injury to Stock—Sec. 13, Chap. 79, R. S.—Practice—Evidence.*

1. Bad grammar or composition will not vitiate a writing where the meaning is clear.

2. A justice may try an action for injury to stock, in any form appropriate to the injury done.

3. Upon appeal from the finding of a jury in a case tried before a justice, he failing to enter a formal judgment therein, the successful party may for such reason require a dismissal of the appeal, but a motion to dismiss the suit amounts to admitting jurisdiction as having been obtained by the appeal; and where the case is of such a kind that the court below had original jurisdiction, and to which such party could submit his person without process, he should not, having done so, be allowed to question the jurisdiction thereof.

4. In an action brought to recover for injury to certain hogs, this court holds that the plaintiff excepted at the proper time to a certain ruling of the trial court, and that in view of the evidence, the judgment for the defendant can not stand.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of Scott County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. JAMES CALLANS and MORRISON & WHITLOCK, for appellant.

Mr. JAMES M. RIGGS, for appellee.

PLEASANTS, J. Appellant brought this suit before a justice, and being defeated by the finding of the jury, appealed to the Circuit Court. No formal judgment was entered by the justice. In the Circuit Court a motion was made by the defendant to dismiss the suit, but on what ground does not appear. The motion was denied and the case continued. At the next term, after the jury was impaneled, the defendant

asked that plaintiff be required to state his case and be confined thereto in his evidence. Plaintiff's counsel then stated it to be that defendant turned out his hogs, knowing that they were infected with cholera, and with intent to communicate the disease to those of his neighbors, particularly those of the plaintiff; that he was requested to put them up but refused, and that they did infect plaintiff's hogs, of which a number by reason thereof had died. Thereupon the defendant moved the court to dismiss the suit, on the ground that a justice has no jurisdiction of the subject-matter of the case as stated; which motion was sustained and judgment accordingly entered. This is an appeal from that judgment.

It is contended on behalf of appellee that the only remedy for the wrong stated, is an action on the case; that if the justice had no jurisdiction of such an action the Circuit Court could have none on appeal, and that the justice had none; citing W. U. Telegraph Co. v. Dubois, 128 Ill. 254–5.

The statute confers jurisdiction on justices of the peace " in actions for damages for injury to real property, or for taking, detaining or injuring personal property" (Sec. 13, Chap. 79, R. S.), but not in actions on the case generally. Therefore while they may not lawfully try an action for slander, they may for injuring hogs, in any form appropriate to the injury done. In the case cited the telegraph company was sued before a justice of the peace for negligence in respect to a dispatch sent to plaintiff, whereby he was misled as to the price at which the sender would deliver to him a car load of apples, and judgment was rendered against it by the Circuit Court on appeal. The Supreme Court held that it was under no contract obligation to the receiver of the dispatch; that his only remedy was by an action on the case, and that "under our statutes justices of the peace have no jurisdiction of an action on the case for such an injury as is here involved." The action there was not for taking, detaining or injuring personal property. If it had been, we apprehend that the form of action—in case—which was appropriate, would not have been held a bar to the jurisdiction. The opinion of this court has been fully stated in C. & A. R. R. Co. v.

Calkins, 17 Ill. App. 55; Skinner v. Morgan, 21 Ill. App. 209; Workman v. Neal, 21 Ill. App. 293. We yet see no reason for changing it.

It is also suggested that the Circuit Court had no jurisdiction, because the justice had rendered no judgment. That might have required the dismissal of the appeal had appellee asked it. His motions, however, were to dismiss the suit, thereby admitting the jurisdiction as having been obtained by the appeal; and after the first was denied he voluntarily went to trial. The case was of a kind of which the Circuit Court had original jurisdiction, and to which he could submit his person also, without process, if he chose so to do, and having done it he ought not to be now heard on this point. Randolph County v. Ralls, 18 Ill. 29; Birks v. Houston, 63 Ill. 77; Allen v. Belcher, 3 Gilm. 594.

Again, it is said, the record does not affirmatively show that appellant excepted, at the proper time, to the ruling of which he now complains. It appears that this ruling was made and the case disposed of on May 7, 1890; that the bill of exceptions is not dated but was filed on the 8th, and that it states the act of excepting in the present tense: "to which ruling of the court to dismiss said suit the said plaintiff *excepts.*"

To be available, the exception should be taken at the time of the ruling and the bill should affirmatively show it. This is usually shown by the statement that the party by his counsel "then and there excepted." It is claimed that in the absence of a date to the bill, the expression used in this case must be taken to refer to the time when it was filed, which was the next day after the cause was disposed of; and in support of this proposition counsel cite Gibbons v. Johnson, 3 Scam. 61, 63. In that case the court said: "The record does not show that the plaintiff excepted to the decision of the court at the time the instructions were given, or at any time during the progress of the trial. On the contrary, the bill of exceptions was filed two days after the trial and judgment, and in the conclusion of it it is stated, that 'to all of which opinions of the court, the plaintiff excepts,' etc., evidently showing that the plaintiff then, for the first time, excepted."

That was a vigorously contested case upon a lost note, the execution of which was denied.   An appeal was taken from the Probate Court, the venue was changed and "much testimony was introduced on the part of the plaintiff," which the court instructed the jury was not sufficient to entitle him to judgment.   From these facts it may well be presumed that the trial occupied more than one day, and that in the course of it many more than one ruling was made against the plaintiff.   Yet the bill of exceptions shows nothing about exceptions more than appears in its conclusion as quoted, which states an exception to all, in a lump, as at one time and in the present tense.   Since a bill of exceptions is regarded as a pleading and taken most strongly against the party presenting it, the construction given it by the court may have been in reason, as it must be accepted in law by us, the proper one. But in our view the circumstances and the statement of the bill in the case here were materially different.   The trial occupied less than a day, only one ruling was made against appellant, and therefore only one exception could have been taken; time was given in which to file the bill; it must have been asked before the bill was filed; the asking was in effect notice that the exception was taken; the bill was prepared, presented and signed before it was filed, and it was filed on the next day after the ruling excepted to was made.   These circumstances constitute cogent proof that the exception was in fact taken at the time of the ruling, and the use of the verb in the present tense would indicate that the counsel who prepared it intended and expected to have it filed on that day, in which case the tense used would have been proper.

This intention and meaning of the word so used is made more manifest and sufficiently certain by the use of another verb in the same tense to denote the action of defendant's counsel, which must have been taken the day before the bill was filed, namely, his motion to have the suit dismissed.   The language of the bill is:   "Upon this statement of the case the defendant *moves* to dismiss the case, because," etc., and after stating the motion was granted, and that the court thereupon dismissed said suit, adds as above quoted:   "To which

ruling of the court to dismiss said suit, the said plaintiff *excepts* and *prays* an appeal to the Appellate Court,   \*   \*   \* which appeal *is* allowed on condition of said plaintiff entering into bond   \*   \*   \*   and filing his bill of exceptions in thirty days." This statement of defendant's action as present, of that of the court following as past, and of that of plaintiff still following as present, may be faulty syntax, but bad grammar or composition will not vitiate a writing where the meaning is clear notwithstanding such faults. We think the bill, fairly construed, states the exception as taken at the proper time.

Counsel treats the opening statement of plaintiff's case as a declaration, strictly subject to the technical rules applicable to the written pleading, and points out some defects therein as such. We do not so view it, nor if we did, is any defect suggested which would justify the judgment entered.

For the error committed in dismissing the suit the judgment will be reversed and the cause remanded.