## William Smithley v. W. D. Snowden.

1. VERDICT—*when properly directed.* Where the evidence with all the inferences that can reasonably be drawn therefrom is insufficient to warrant a verdict, the direction of a verdict is proper.

2. JUSTICE OF THE PEACE—*jurisdiction of.* A justice of the peace has jurisdiction of an action on the case instituted to recover the value of a mare which was alleged to have died as the result of injuries sustained through the negligence of the defendant.

Action commenced before justice of the peace. Error to the Circuit Court of Coles County; the Hon. J. W. CRAIG, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

ANDREWS & VAUSE, for plaintiff in error.

EDWARD C. & JAMES W. CRAIG, JR., for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This suit was originally brought before a justice of the peace by Smithley, plaintiff in error, against Snowden, defendant in error, to recover the value of a mare which he claimed died as the result of cuts received from a barbed wire fence which Snowden had negligently permitted to be and remain out of repair and in a dangerous condition. Judgment was rendered against Snowden, whereupon he appealed to the Circuit Court, where, at the close of the evidence offered by plaintiff, the presiding judge, upon motion of defendant, directed a verdict for the defendant. A judgment was rendered against the plaintiff for costs, to reverse which he prosecutes this writ of error.

The evidence tends to disclose that Smithley placed the mare in question in the pasture of one Plummer, which adjoined Snowden's land, then occupied by a tenant, on the south ; that between the pasture and Snowden's land there was a barbed wire fence, the west forty-five rods of which was built and maintained by Plummer and the remainder

Smithley v. Snowden.

by Snowden ; that after the mare was placed in the pasture she was found dead, lying partly in the water of a ravine which ran through the pasture, at a point about twenty steps from a part of the fence built and maintained by Snowden, where the posts were rotted off at the bottom and tops thereof leaning, supported by loose and sagging wires. There was some blood and hair upon the wire and posts at this point.

The evidence tends to show further, that owing to the fact that the body of the mare, when found and examined, was practically covered by water and that decomposition had set in, no critical examination was made by any one to learn the exact cause of her death, and the same does not satisfactorily appear from the evidence. It does appear however, that there were a number of deep cuts upon her neck, one of which was two or three inches deep, several small scratches on her side, and a scratched place between her front legs. The evidence tends further to show that at the place she was hurt there was a steep bank running down to the creek in the ravine, at which place the post was sound and the wires recently broken.

It will be unnecessary for us to consider the other questions raised and argued, for the reason that upon a careful review of the evidence, together with all inferences that can reasonably be drawn therefrom, we are of opinion that it is insufficient to warrant either a court or jury in finding that the mare came to her death by reason of any defect in the fence in question. We think it much more probable that she ran into the post referred to and there received the wounds she bore, and was killed through falling down the embankment, than that her death was caused by the wounds in question.

The burden was upon plaintiff to establish by the greater weight of the evidence that her death was caused by the negligence of the defendant. This, we think, he has failed to do. It follows that the trial court properly directed a verdict for the defendant.

The contention of the defendant in error, that this being

an action on the case, neither the justice of the peace, nor the Circuit Court, on appeal, has jurisdiction of the same, is without merit. Northrup v. Smathers, 39 App. 588.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*