### Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. Samuel McNutt et al.

1. JUSTICE OF THE PEACE—*jurisdiction of, to award damages.* A justice of the peace has jurisdiction to award consequential damages for injuries to personal property occasioned by negligence.

2. COMMON CARRIERS—*what essential to limitation of liability.* To render a contract of shipment limiting the liability of the carrier, binding upon the shipper, the carrier must establish by the greater weight of the evidence that the shipper assented to the terms and conditions of the contract.

3. PRINCIPAL AND AGENT—*what does not bar suit by undisclosed principal.* An undisclosed principal is not debarred from prosecuting his action against one who contracts with his agent.

4. EVIDENCE—*when opinion incompetent.* It is improper to permit a witness to testify as to what in his opinion was a reasonable running time for a railroad between certain designated points.

Action commenced before justice of the peace. Appeal from the Circuit Court of Coles county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

GEORGE B. GILLESPIE, for appellant; L. J. HACKNEY, HAMLIN & GILLESPIE and H. A. NEAL, of counsel.

J. P. HARRAH and J. H. MARSHALL, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This action was originally brought before a justice

of the peace, by appellees, stock dealers at Charleston, Illinois, against the appellant company for the recovery of damages alleged to have been occasioned by unreasonable delay on the part of appellant in transporting from Charleston to Indianapolis, four carloads of hogs consigned to live stock brokers for sale upon the open market. A trial in the Circuit Court on appeal from the justice of the peace, resulted in judgment in favor of appellee for $100. The damages claimed are for shrinkage in weight by reason of the prolonged confinement of the hogs in the cars, loss from depreciation in the market prices, and extra feed bills necessarily paid by appellees. The jury was justified in finding from the evidence that there was an unreasonable delay as claimed because of the negligence of appellant, and that by reason thereof, appellees were damaged to at least the amount of the judgment. The verdict upon such issues is therefore conclusive. It is urged that a justice of the peace has no jurisdiction to award consequential damages for injuries to personal property occasioned by mere negligence. This court has held otherwise in Smithley v. Snowden, 120 Ill. App. 86; Northrup v. Smothers, 39 Ill. App. 588; and Skinner v. Morgan, 21 Ill. App. 209. It is also insisted that the verdict and judgment were unwarranted for the reason that the shippers of the hogs, in each instance, signed a contract of shipment containing the provision that no claim for damages should be paid by the carrier, or sued for by the shipper, unless the same was made in writing, verified by affidavit, and delivered to the freight claim agent within five days after the stock were unloaded, and that appellees failed to comply with such conditions. It is well settled that to render a contract of shipment limiting the liability of the carrier, binding upon the shipper, the carrier must establish by the greater weight of the evidence that the shipper assented to the terms and conditions of the contract. Wabash R. R. Co. v. Thomas, 222 Ill. 337. Whether the shippers in the present case assented to the terms

and conditions of the contracts in question was an issue of fact for the jury. We are unable to say that their finding thereon was so manifestly contrary to the evidence as to warrant a disturbance of the verdict.

It is further contended that inasmuch as the shipments were made in the individual names of the partners the suit could not be maintained in their names jointly. While two of the shipments were made in the name of H. K. Wright, one in the name of McNutt & Perisho and one in the name of McNutt & Newman, the evidence shows that each was made for all of the appellees as partners, and that the persons making said shipments were acting as the agents of the partnership. It is true, so far as this evidence discloses, that appellant had no knowledge that these parties were acting as agents of appellees. An undisclosed principal is not however debarred from prosecuting his action against one who contracts with his agent. Conklin v. Leeds, 58 Ill. 178; R. R. Co. v. Walsh, 85 Ill. 58. Moreover, appellees had a right of recover against appellant for failure to perform its common law duty as a common carrier, independent of the contracts.

The court erred in permitting the witnesses McNutt and Perisho to testify what in their opinion was a reasonable running time between Charleston and Indianapolis, but we are satisfied that such error did not affect the verdict as there was other evidence tending to show that the delay was unreasonable.

There being no prejudicial error in the record, the judgment of the Circuit Court will be affirmed.

*Affirmed.*