### Orlando T. Griffith, Appellant, v. James Pennington, Appellee.

JUSTICE OF THE PEACE—*what within jurisdiction of.* A justice of the peace has jurisdiction of an action for damages for an injury to a horse regardless of whether the damages sought to be recovered be direct or consequential.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cumberland county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

SHAMHART & ISLEY, for appellant.

Brewer & Brewer and James W. & Edward C. Craig, for appellee.

Mr. Justice Baume delivered the opinion of the court.

This is a suit originally instituted by the plaintiff before a justice of the peace to recover damages for an injury to his horse occasioned by a collision, whereby the shaft of a buggy in which the defendant was riding was driven into the shoulder of said horse, causing an injury which resulted in his death. The plaintiff recovered a judgment against the defendant before the justice of the peace for $165 and costs of suit, from which judgment the defendant prosecuted an appeal to the circuit court, where the cause came on for trial before a jury. At the close of all the evidence in the case the defendant moved the court to dismiss the suit for want of jurisdiction upon the ground that it was an action on the case of which the justice of the peace had no jurisdiction, and therefore the Circuit Court was without jurisdiction on appeal. The motion was granted by the court and the suit dismissed at plaintiff's costs. From such judgment of dismissal the plaintiff prosecutes this appeal.

It is urged by counsel for defendant that conceding the suit was improperly dismissed for want of jurisdiction no harm resulted to the plaintiff because upon the merits as disclosed by the evidence the defendant was entitled to a peremptory instruction. A careful examination of the evidence compels us to the conclusion that if the court was not without jurisdiction the consideration of the facts involved should have been submitted to the jury for their determination, and that a peremptory instruction to the jury to find the defendant not guilty would have been properly refused.

It may be conceded that generally speaking justices of the peace have no jurisdiction in actions on the case, but the statute specifically provides that justices of the peace shall have jurisdiction in actions for dam-

ages for taking, detaining or injuring personal property (art. 11, sec. 1, par. 2 Hurd's Stat. 1909, p. 1383) and this jurisdiction obtains whether the damages sought to be recovered for such injury are direct or consequential. The identical question here involved has been considered and determined by this court adversely to the contention of the defendant in Skinner v. Morgan, 21 Ill. App. 209; Northrup v. Smothers, 39 Ill. App. 588; Smithley v. Snowden, 120 Ill. App. 86, and C. C. C. & St. L. Ry. Co. v. McNutt, 138 Ill. App. 66, and we are content to abide the conclusion there announced.

The trial court erred in dismissing the suit for want of jurisdiction and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*