**G. C. Gordon for the Use of Security Insurance Company, Appellee, v. Charles Current, Appellant.**

**Gen. No. 8,504.**

Opinion filed November 4, 1931.

H. M. STEELY and H. M. STEELY, JR., for appellant.

LEWMAN & CARTER, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This suit was instituted by appellee for the use of the Security Insurance Company, a corporation, before a police magistrate of Vermilion county, to recover damages for the injury to an automobile, charged to have been caused by the negligence of appellant, in

a collision. There was a judgment for appellee in the magistrate's court and, upon appeal, a verdict and judgment for appellee in the sum of $360.80, in the county court of Vermilion county, from which this appeal is taken.

Appellant to reverse the judgment insists that a police magistrate had no jurisdiction to try a cause for injury to personal property, the result of negligence or a tort. Cahill's St. ch. 79, ¶ 16, clause 2, confers jurisdiction upon justices of the peace, "In actions for damages for injury to real property, or for taking, detaining or injuring personal property."

The contention of the appellant has been answered adversely by the Appellate Court of this district in a number of cases. In *Griffith v. Pennington,* 158 Ill. App. 314, suit was started before a justice of the peace to recover damages for injury to a horse occasioned by a collision. The court, in rendering its decision in that case, said:

"The statute specifically provides that justices of the peace shall have jurisdiction in actions for damages for taking, detaining or injuring personal property and this jurisdiction obtains whether the damages sought to be recovered for such injury are direct or consequential. The identical question here involved has been considered and determined by this court adversely to the contention of the defendant in *Skinner v. Morgan,* 21 Ill. App. 209; *Northrup v. Smothers,* 39 Ill. App. 588; *Smithley v. Snowden,* 120 Ill. App. 86; *C., C., C. & St. L. Ry. Co. v. McNutt,* 138 Ill. App. 66; and we are content to abide the conclusion there announced."

Doubtless the reason that these later decisions cited above differ from earlier cases cited by the appellant is disclosed by the case of *Gallery v. Davis,* 35 Ill. App. 619, in which case we find the following:

"The statute of 1845 did not confer jurisdiction on justices in actions on the case, and it was so held in

*I. C. R. R. Co. v. Reedy,* 17 Ill. 580. But the act now in force gives such jurisdiction in actions for injuring personal property, without specifying any class of injuries. This action is certainly of that kind, and the jurisdiction was rightly sustained.''

Appellant complains because the court did not, at the close of appellee's testimony, instruct the jury to find a verdict for appellant. The basis of this complaint is that appellee did not offer or present any affidavit and statement by the Security Insurance Company that it was the bona fide owner of the claim and the facts how and when it became the owner under section 18 of the Practice Act, Cahill's St. ch. 110, ¶ 18, until just before appellee closed its case in the county court. The showing of this proof has been held necessary in *McKinnon v. Studebaker Sales Co. of Chicago,* 245 Ill. App. 596. The affidavit is sworn to March 17, 1930. The summons was issued by the police magistrate upon March 31, 1930. The record does not show whether this affidavit was presented to the police magistrate or not. The cause was in the county court for trial *de novo.* Upon the presentation of the affidavit, which is in proper form, appellant expressed no surprise and did not ask to withdraw a juror or continue the case. In *Oberman v. Camden Fire Ins. Ass'n,* 314 Ill. 264, it has been held that by section 39 of the Practice Act, Cahill's St. ch. 110, ¶ 39, amendments may be allowed in a civil suit at any time before final judgment, including a change of parties plaintiff, and by said section the adjudication of the court allowing such amendment is made conclusive evidence of the identity of the action. Appellant was in no way injured by the delay in presenting this affidavit and proof.

Appellant assigns error upon the court's refusal to give the following instruction: ''The court instructs the jury that if you believe from the evidence that the collision and damage to plaintiff's car was the result

of an accident caused by the pavement being wet, and one, or both, of the cars skidded when the brakes were applied as they approached each other, and was not caused by carelessness or negligence upon the part of the defendant, but was the result of a mere accident, then the plaintiff cannot recover, and your verdict should be for the defendant, and you should find him not guilty.'' The jury had already been instructed at the request of appellant as follows: ''That before the plaintiff can recover in this case, he must show and prove by a preponderance of the evidence that the collision between the cars was caused by the carelessness, or negligence, of the defendant, Current, and that he, plaintiff, at and just before the time of the accident was using and exercising due care and caution for his own safety and the safety of the car that he was driving; and if the plaintiff has failed to prove or establish either of these elements or propositions by a preponderance of the evidence, then the plaintiff cannot recover, and your verdict should be for the defendant, and you should find him not guilty.'' Two other instructions, also, given on behalf of appellant, pointed out the necessity of appellee establishing negligence by a preponderance of the testimony offered by appellee against the appellant, so that we are of the opinion that appellant was not prejudiced by the refusal of the court to give the added instruction. No instructions were offered or given in behalf of appellee.

Appellant presents a considerable argument upon the proofs tending to show that the highway was slippery and that the collision was the result of a pure accident, and that no negligence was involved. Appellant had been driving at the rate of 40 miles an hour and was several hundred feet behind a truck. He testified that when he saw appellee's car approaching him and coming past the truck he took his foot off the accelerator and let his car drift, and that his car had slowed down to 15 to 20 miles an hour, and that

when he attempted to use his brake the car skidded and nearly turned around. Testimony was presented tending to show that appellant lost control of his car, and two witnesses testified that appellant stated at the time that the accident was his fault. Appellant complains also that nearly all of the injured parts of appellee's car were replaced by new parts and not repaired. The witness who repaired the car testified that the new parts were necessary and this testimony was not contradicted. All of these questions were for the jury to pass upon, and having read the testimony we cannot say that the verdict is against the manifest weight of the testimony.

Finding no error in the record, the judgment of the county court of Vermilion county is affirmed.

*Affirmed.*