(No. 12122.—Judgment affirmed.)

FREDERICK A. JOHNSON, Plaintiff in Error, *vs.* ADELINE CHOATE, Defendant in Error.

*Opinion filed June 20, 1918.*

1. WORKMEN'S COMPENSATION—*section 29 of the Workmen's Compensation act is not invalid.* Section 29 of the Workmen's Compensation act does not violate the State constitution as not providing a certain remedy to an injured party nor as delegating judicial power to arbitrators, and does not contravene the fourteenth amendment to the Federal constitution as taking property without due process of law. (*Keeran* v. *Peoria, Bloomington and Champaign Traction Co.* 277 Ill. 413, and *Deibeikis* v. *Link-Belt Co.* 261 id. 454, followed.)

2. SAME—*when employment of a plumber is not casual.* The employment of a plumber by an employer engaged in the plumbing business under a firm name, the employment being for a fixed rate of wages and to continue so long as the plumbing company has work to do, is not a casual employment.

3. SAME—*rule as to when owner of building is engaged in business of maintaining it.* The erection, maintaining or repairing of a dwelling house by the owner, which is neither the occupation, enterprise or business of the owner, does not bring him within paragraph (*b*) of section 3 of the Workmen's Compensation act, which makes extra-hazardous the building, maintaining, repairing or demolishing of any structure; but the owner of a large building rented as a lodge room, dance hall and for offices, whose occupation is the maintaining of the building, is within the terms of said paragraph when having the building repaired.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

EARL J. WALKER, for plaintiff in error.

FRANK M. COX, and R. J. FELLINGHAM, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Frederick A. Johnson, plaintiff in error, sued Adeline Choate, defendant in error, in the superior court of Cook county, in an action of trespass on the case to recover damages for a personal injury sustained by falling through a trap-door in a dark room of the building of the defendant. The declaration contained two counts, the first of which averred that the defendant owned and operated the building used for divers purposes, containing a certain lodge hall and cloak room, and had arranged with Rose Wixted, doing business as the Wixted Plumbing Company, for the repair and alteration of the building by remodeling the plumbing therein; that the plaintiff was engaged in his duties, as an employee of the Wixted Plumbing Company, in and about

the lodge hall and cloak room; that it was the duty of the defendant to use ordinary care and caution in the maintenance of the building in a reasonably safe condition for the completion of the plumbing but she did not regard her duty in that behalf and negligently permitted and allowed a dangerous opening to be and remain in the floor of the building which was not known or discoverable to the plaintiff in the exercise of care and caution for his own safety, and that he fell down and into the opening and was seriously and permanently injured. The second count was the same, except that it alleged a duty of the defendant to warn the plaintiff of the dangerous condition and that the duty was neglected. There were three other defendants, who were dismissed out of the case. The defendant filed a plea of not guilty and two special pleas averring that the Wixted Plumbing Company, the plaintiff and the defendant were all subject to and operating under the Workmen's Compensation act, and therefore the court was without jurisdiction of the subject matter of the suit. The special pleas were demurred to but the demurrer was withdrawn, with an agreement that the plaintiff could make any defense to the pleas that he could have made by replication.

The facts were not disputed and are as follows: The defendant owned and operated a large building in Chicago, on the third floor of which there was a hall, lodge room and offices. In connection with the lodge room, where there was a dance floor, there was a cloak room twelve by fourteen feet, which had no outside windows nor artificial light. There was a stoppage in a tier of closets which was to be removed from the waste pipes and it was not known where the stoppage was. Rose Wixted was a widow whose husband had carried on the business of plumbing, and she advertised for a plumber with a master plumber's license. She was doing business under the name of the Wixted Plumbing Company, and the plaintiff answered the advertisement and entered the employment, agreeing to do her work for fifty

cents an hour. He was to go and look at jobs, find out what was necessary to be done, estimate on some work and do her work with the privilege of tending to any work of his own. The employment was not for any length of time but was to continue as long as there was work for a man to do. The work he did was repairing pipes, closets and waste pipes and general plumbing work. In the third week of his employment Patrick Condon, an employee of the Wixted Plumbing Company, went to the building of the defendant in the forenoon with the janitor to ascertain where the stoppage was and remove it, and they went into the dark cloak room, Condon using a candle for light. There was a trap-door in the floor and Condon opened it with a chisel and file handle, and he and the janitor went down in the opening in a space five or six feet deep under the floor and found there was no stoppage there. After lunch the plaintiff and Condon came back to the cloak room with some tools and material. Soil pipes came down the wall at the farther side of the cloak room, and the trap-door having been left open, as the plaintiff and Condon went into the doorway toward the soil pipes the plaintiff fell through the trap-door.

It was stipulated that neither the defendant nor Rose Wixted had filed notice with the Industrial Board of an intention to pay compensation under the Workmen's Compensation act and neither of them had rejected the act.

After the evidence was heard the plaintiff asked leave to file an additional count, which was the same as the original counts except that the word "agent" was substituted for the word "employee," and the court refused to allow it to be filed. The defendant then moved the court to direct a verdict of not guilty, on the ground that the rights of the parties were governed by section 29 of the Workmen's Compensation act of 1913, (Laws of 1913, p. 354,) and that the suit against the defendant could not be maintained. To this motion plaintiff made objection, specifying many

particulars, in which it was alleged that section 29 contravenes various provisions of the constitution of this State and the constitution of the United States. The court sustained the defendant's motion and directed a verdict of not guilty, which was returned and judgment was entered accordingly. The plaintiff sued out a writ of error from this court for a review of the judgment.

The errors assigned question the validity of section 29 of the Workmen's Compensation act upon the grounds specified in the objection to defendant's motion, together with propositions that the court erred in denying leave to file the additional count; that the work was casual and the relation between the plaintiff and Rose Wixted was not that of employer and employee, and that defendant was not subject to the provisions of the Workmen's Compensation act.

It is conceded that most of the objections to the validity of section 29 specified in the objections to the defendant's motion and repeated in the assignment of errors were disposed of in *Friebel* v. *Chicago City Railway Co.* 280 Ill. 76, and the questions there specifically decided are not argued or relied upon. It is argued, however, that section 29 is void because it does not provide a certain remedy to a person injured by the negligence of another and for that reason violates section 19 of the bill of rights, which provides that every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; and that it also violates article 6 of the constitution, vesting all judicial power in courts, by giving the Industrial Board power to pass upon the rights of one injured by the act of a third party. The first objection is fully answered by the principles declared in *Keeran* v. *Peoria, Bloomington and Champaign Traction Co.* 277 Ill. 413, where the elective nature of the Workmen's Compensation act, both as to employer and employee, was made the basis of the decision. The law provides certain remedies and gives to all parties concerned an election which

remedy they will avail themselves of. In *Deibeikis* v. *Link-Belt Co.* 261 Ill. 454, it was held that the act does not contravene article 6 of the constitution, as delegating judicial power to arbitrators, for the reason that it is competent for parties to settle their differences by arbitration independently of the courts, and, the act being elective, an employee by electing to come under it agrees that his rights may be settled by it.

It is further argued that section 29 violates the fourteenth amendment to the Federal constitution, but the argument is answered by the decision in *New York Central Railroad Co.* v. *White,* 243 U. S. 188, where it was held that a workmen's compensation act similar to our own did not contravene the fourteenth amendment, as taking property without due process of law, but was a valid exercise of the police power.

There is no basis in the evidence for the argument that the employment was casual. The plaintiff testified that his contract with Rose Wixted, under the name of the Wixted Plumbing Company, was for a fixed rate of wages and was to continue so long and for all work that the Wixted Plumbing Company had to do. Rose Wixted, as the Wixted Plumbing Company, was engaged in conducting a plumbing business, and in that occupation was engaged in work in building and maintaining and repairing structures, and the plaintiff was her employee, and neither of them having rejected the Workmen's Compensation act both were subject to its provisions.

The defendant by her pleas and by the motion for a directed verdict alleged that she was subject to the provisions of the Workmen's Compensation act, and, so far as she is concerned, nothing further need be said; but it is argued that maintaining the building and causing the repairs to be made did not bring her within the terms of the act. Paragraph (*b*) of section 3 brings within the act every employer engaged in any of the occupations, enterprises or

businesses therein mentioned, and the first occupation, enterprise or business specified is the building, maintaining, repairing or demolishing of any structure. The employer must be engaged in the occupation, enterprise or business, and therefore the building, maintaining or repairing of a dwelling house, which is neither the occupation, enterprise or business of the owner, does not bring him within the act, nor does the building of a shed or other similar structure by or for a farmer come within the terms of the statute or the legislative intention. (*Uphoff* v. *Industrial Board,* 271 Ill. 312.) The defendant in this case maintained a large building let out and used for income, part of it occupied as a lodge room, dance hall and offices in connection, and the maintaining of the building was the business or occupation of the defendant. Such occupation, enterprise or business is declared by clause 8 of paragraph (*b*) of section 3 to be extra-hazardous. If the business of repairing such structures carried on by the Wixted Plumbing Company is extra-hazardous, as it certainly is, the business of maintaining the structure and causing its repair was necessarily of the same character, and that being the occupation, enterprise and business of the defendant she was under the act.

Cross-errors have been assigned on the ground that the court failed to direct a verdict of not guilty on the further ground that the plaintiff was guilty of negligence, as a matter of law, contributing to his injury. The verdict of not guilty having been directed by the court the defendant was not prejudiced because the court did not assign an additional reason for the direction.

The judgment is affirmed.  *Judgment affirmed.*