(No. 12329.—Judgment affirmed.)

LYMAN B. VOSE *et al.* Defendants in Error, *vs.* THE CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Plaintiff in Error.

*Opinion filed February 20, 1919*

1. WORKMEN'S COMPENSATION—*when presumption that parties are subject to Compensation act applies—pleading.* In an action by the employer, under the first clause of section 29 of the Workmen's Compensation act, to recover compensation which he has paid for an injury to his employee occasioned by the neglect of a third party, all the parties being engaged in hazardous employments, it is conclusively presumed they are subject to the act in the absence of election to the contrary, and if the declaration alleges the hazardous nature of the defendant's business it need not allege that the defendant had elected to be bound.

2. SAME—*evidence of insurance of employee is not admissible in action by employer against third party.* In an action by an employer against a third party whose negligence caused the death of an employee, evidence that the plaintiff had caused his employees to be insured and that the compensation awarded the personal representatives of the deceased had been paid by the insurance company is not admissible, as such insurance is not for the benefit of the defendant.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding.

VAUSE, HUGHES & KIGER, for plaintiff in error.

H. L. Howard, and Lawyer & Hainline, for defendants in error.

Mr. Justice Farmer delivered the opinion of the court:

This case comes to this court by *certiorari* to review a judgment of the Appellate Court for the Third District affirming a judgment of the circuit court of McDonough county in favor of defendants in error against plaintiff in error for $2370.61.

Defendants in error, as a committee of re-organization of the Western Illinois Telephone Company, were in June, 1915, in possession of and operating a telephone system in the city of Bushnell, Illinois, and other cities and villages in that vicinity. Forest C. Shanks was employed by defendants in error as a telephone lineman in the city of Bushnell. On June 7, 1915, Shanks, while inspecting a line of wire of defendants in error carried by poles through the branches of a tree standing between two poles, came in contact with a wire charged with electricity of high power and voltage, from which he received such burns and injuries that he died soon thereafter. Below the telephone wires, a distance of some one or one and one-half feet, were wires of plaintiff in error supported by cross-arms on the same poles the telephone wires were on. These wires of plaintiff in error were high tension wires carrying 2200 volts each and were used by the plaintiff in error in the conduct of its business. All the telephone and electric wires passed through the branches of the tree between the two poles from which they were supported. About noon on the day mentioned Shanks was found beneath the tree very badly burned and injured. He was unconscious and died soon afterwards. The administratrix of his estate filed a petition with the Industrial Commission for compensation against defendants in error and was allowed a lump sum of $2129.61, which they paid, together with a hospital bill

of $41.50 and a surgeon's bill of $151.50, making the total amount paid $2370.61. This suit was brought by defend-ants in error against plaintiff in error, under section 29 of the Workmen's Compensation act, to recover the amount they were compelled to pay.

The declaration charged plaintiff in error with negli-gence in maintaining its wires in a defective state of insu-lation for a long period of time prior to the accident and in such close proximity to the other wires as to endanger the life and limb of anyone lawfully in said tree; that it knew, or in the exercise of ordinary care should have known, of the dangerous condition of said wires and had been noti-fied of said condition numerous times within thirty days of the accident; that Shanks, as the employee of defendants in error to inspect its wires in said tree and repair the same, climbed the tree to perform his duties, and while in the exercise of due care and caution for his own safety, and as a direct result of the negligence of plaintiff in er-ror in maintaining its wires in a defective condition of insulation, the high current carried by plaintiff in error's wires was communicated to the body of Shanks, severely burning and injuring him, causing him to fall from the tree to the ground, and as a direct result of said injuries he died. The declaration alleged the award made to Shanks' administratrix and the amount paid by defendants in er-ror, and set out *in hæc verba* section 29 of the Workmen's Compensation act, by virtue of which defendants in error claimed the right to be reimbursed. The declaration al-leged that both defendants in error and Shanks had elected to accept the provisions of the Workmen's Compensation act, but there was no allegation in the declaration of the acceptance or rejection of the act by the plaintiff in error. Plaintiff in error filed a plea of the general issue and two special pleas. A demurrer was sustained to the special pleas and the declaration was subsequently amended but no other pleas were filed.

It is insisted with great earnestness that as the declaration did not allege plaintiff in error had elected either to be bound by the Workmen's Compensation act or not to be bound by it, there can be no recovery under section 29. It is contended that to authorize a recovery under the first clause of section 29 the declaration must aver that the defendant had elected to be bound by the act and such averment must be proven to authorize a judgment, and that under the second clause of section 29, to authorize a recovery it must be alleged and proved that the defendant had elected not to be bound by the act.

The first clause of section 29 applies where all the parties,—the employer, the injured employee and the third party whose negligence caused the injury,—are subject to the Workmen's Compensation act. That clause reads as follows: "Where an injury or death for which compensation is payable by the employer under this act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employee." (Laws of 1913, p. 354.)

According to the averments of the declaration plaintiff in error was engaged in a hazardous business or occupation. Section 2 of the act of 1913 provides that every employer enumerated in paragraph (*b*) of section 3 shall be conclusively presumed to have filed notice of his election to provide and pay compensation according to the act unless and until he gives notice of a contrary intention in

accordance with the provisions of the statute. Among the employments or occupations where the employer is conclusively presumed to have elected to be governed by the act is "electrical work." The declaration in substance and effect alleges plaintiff in error was engaged in that work. It is not claimed it had elected not to be bound by the act, and in the absence of such an election it is "conclusively presumed" to have elected to provide and pay compensation under the act. It was unnecessary, therefore, to explicitly allege in the declaration that plaintiff in error had elected to be bound by the act, because from the facts alleged the law conclusively presumed that plaintiff in error had so elected. The declaration was sufficient in this respect, as it was based upon and the recovery had under the first clause of section 29, which applies where all the parties are subject to the Workmen's Compensation act. If the recovery had been sought under the second clause of said section it would have been necessary to have averred that plaintiff in error had elected not to be bound by the act.

Plaintiff in error argues that the presumption that a person engaged in one of the hazardous occupations enumerated in the statute is under and subject to the act applies only as between the employer and the employee but does not apply where the action is against a third party. This question was decided contrary to that contention in *Johnson* v. *Choate,* 284 Ill. 214.

It is also contended that the judgment should be reversed because defendants in error did not prove that they and their employee, Shanks, had elected to be bound by the Workmen's Compensation act. It does not appear from plaintiff in error's Appellate Court brief, which defendants in error were granted leave to file in this case, that this question was raised in the Appellate Court, but even if it had been raised we do not think the point a good one. Defendants in error were engaged in an occupation which the statute made subject to the act unless they elected to the

contrary, and the proof shows that neither defendants in error nor Shanks had made any such election.

It is also insisted the court erred in admitting in evidence the verdict of the coroner's jury. The verdict recited the jury found Shanks "came to his death by coming in contact with electrical wires of the Central Illinois Public Service Company in Bushnell, Illinois, June 7, 1915, which were not sufficiently insulated." Whether or not the verdict was competent is immaterial in this case, as the proof abundantly showed plaintiff in error's wires were not sufficiently insulated, and in any event it was not harmed by the admission of the verdict in evidence.

Plaintiff in error also sought to prove on the trial that defendants in error had caused their employees to be insured by the Fidelity and Casualty Company of New York, and that the compensation awarded the personal representative of Shanks had been paid by that company and that nothing had been paid by defendants in error. The court refused to allow the proof, and this is assigned as error. No authority is cited to support the position of plaintiff in error and we know of none. If defendants in error insured their employees it was for their benefit and not for the benefit of plaintiff in error. This ruling of the court is sustained in *Otis Elevator Co.* v. *Miller & Payne*, 240 Fed. Rep. 376.

The proof tended to sustain the allegations of the declaration that Shanks was in the exercise of due care for his own safety and that it was the duty of plaintiff in error to insulate its wires at the point of contact and that the failure to do so caused the death.

The judgment is affirmed.        *Judgment affirmed.*