## John Berndt, Appellant, v. Chicago Railways Company et al., operating under name of Chicago Surface Lines, Appellees.

## Gen. No. 25,509.

1. WORKMEN'S COMPENSATION ACT, § 3a*—*what is extrahazardous business.* The operation of an electric street railway system is an extrahazardous business within the meaning of clause 3, par. (b), sec. 3 of the Workmen's Compensation Act of 1913 [Callaghan's 1916 Stat. ¶ 5475(3)].

2. WORKMEN'S COMPENSATION ACT, § 2*—*when Compensation Act applies.* In a suit for personal injury by an employee against a third person, where the record discloses that the plaintiff and his employer were operating under the Workmen's Compensation Act, and that the plaintiff's injury arose out of and in the course of his employment, and that defendants were engaged in an extrahazardous business, the defendants are presumptively within the act, and no recovery can be had unless the plaintiff alleges in the declaration and proves that the defendants had elected not to be bound by the act.

3. WORKMEN'S COMPENSATION ACT, § 18*—*when suit will not be continued.* A suit for personal injury by an employee against a third person, where it is found that all of the parties—plaintiff, his employer and defendants—are under the act, will not be continued for the benefit of plaintiff's employer under clause 1, sec. 29 of the Act [Callaghan's 1916 Stat. ¶ 5475(29)], where no such suggestion is made at the trial.

4. APPEAL AND ERROR, § 1718*—*when question of validity of statute is waived.* By an appeal to the Appellate Court, the question of the validity of section 29 of the Workmen's Compensation Act [Callaghan's 1916 Stat. ¶ 5475(29)] is waived.

Appeal from the Superior Court of Cook county; the Hon. M. L. MCKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed December 22, 1920.

THOMAS D. NASH and MICHAEL J. AHERN, for appellant.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CHARLES LEROY BROWN, for appellees; JOHN R. GUILLIAMS and JOSEPH D. RYAN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the street railways companies operating in Chicago under the name and style of the Chicago Surface Lines, to recover damages for personal injuries. At the close of the plaintiff's case, on motion of defendants, there was a directed verdict in favor of defendants, to reverse which plaintiff prosecutes this appeal.

Both counts of the declaration substantially alleged that the defendants owned, possessed and operated a street railway in Wells street, Chicago; that on March 2, 1917, plaintiff, while in the exercise of all due care and caution for his own safety, was driving a team of horses hitched to a loaded wagon south in Wells street and that one of defendants' street cars coming from behind was so carelessly operated that it struck the wagon and threw plaintiff to the ground; that one of the wagon wheels ran over and crushed his left leg so that amputation was necessary. There was no averment that the Workmen's Compensation Act applied. To the declaration defendants filed a plea of general issue.

On the trial the evidence tended to show that on the day in question plaintiff was employed as a teamster by one Dominic Marubio, who was engaged in the teaming business; that plaintiff was driving a heavily loaded wagon south in Wells street on the morning of March 2, and that the street was icy and slippery; that one of defendants' cars was coming from behind and that plaintiff attempted to pull his wagon out of the track to the west but before he had succeeded in clearing the track the car collided with the wagon and threw plaintiff to the ground, one of the wheels of the wagon passing over his left leg

crushing it, so that it was necessary for the surgeon to amputate it. On the cross-examination of the plaintiff and Marubio it developed that both of them were operating under the Workmen's Compensation Act, and that plaintiff had filed a claim against his employer under that act and had been allowed $9 per week for 175 weeks, doctor's and hospital bills and some other matters. This together with the testimony tending to show how the accident happened, and the nature and extent of plaintiff's injuries was all of the evidence that was offered.

Counsel for defendants make no claim that the declaration does not state a good common-law cause of action, and we think it clear that if the Compensation Act did not apply, plaintiff made out a prima facie case under his declaration.

Plaintiff contends that the act does not apply, (1) for the reason that there is nothing in the declaration or evidence that tends to show that the defendants were employers engaged in hazardous occupations, and (2) that even if defendants were employers conducting a hazardous business, there is no presumption that they were under the act.

(1) The declaration avers and the evidence shows that defendants were street car companies operating electric street railway systems in Chicago, and that these cars were being operated by defendants' employees and, therefore, the business of the defendants was extrahazardous within the meaning of clause 3, par. (b), sec. 3 of the Workmen's Compensation Act of 1913 [Callaghan's 1916 Stat. ¶ 5475(3)]. *Chicago Rys. Co. v. Industrial Board,* 276 Ill. 112.

(2) Plaintiff contends that although he and his employer, Marubio, were under the Compensation Act, and even though defendants were engaged in extrahazardous business within the terms of the Compensation Act, yet there is no presumption that the defendants had elected to be bound by the act, but

defendants, if they would relieve themselves from liability, must plead specially or at least introduce evidence under the general issue that they had elected to be bound by the act. It is argued that although the Supreme Court of this State has held that where an employee sues his employer and it appears from the record that the business is extrahazardous within the meaning of the act, then the presumption obtains that the employer is under the act, but it has not been held that this presumption prevails where the suit is brought against a third person, as is the instant case. The difficulty with this argument is that it has been held otherwise by this court in the case of *Klonowski v. Crescent Paper Box Mfg. Co.*, 217 Ill. App. 150, and the Supreme Court in the cases of *Vose v. Central Illinois Pub. Service Co.*, 286 Ill. 519; *Johnson v. Choate*, 284 Ill. 214.

In the *Klonowski* case, which was a suit by the administrator of an employee against a third person for negligently causing the death of the deceased where the deceased and her employer were admittedly under the act, we held that the presumption that the third person, if engaged in extrahazardous business at the time and place of the accident, was under the act obtained, and in support of this holding cited the *Vose* case. In the *Vose* case the court said (p. 523): "Plaintiff in error argues that the presumption that a person engaged in one of the hazardous occupations enumerated in the statute is under and subject to the act applies only as between the employer and the employee but does not apply where the action is against a third party. This question was decided contrary to that contention in *Johnson v. Choate*, 284 Ill. 214."

In the instant case, since the record discloses that plaintiff and his employer were operating under the Compensation Act, and that plaintiff's injury arose out of and in the course of his employment, and since it further discloses that defendants were engaged in

an extrahazardous business and, therefore, presumptively within the act, no recovery could be had unless plaintiff would allege in the declaration and prove that defendants had elected not to be bound by the act. The court in the *Vose* case on this point said (p. 523) : "If the recovery had been sought under the second clause of said section (29), it would have been necessary to have averred that plaintiff in error had elected not to be bound by the act." Plaintiff in his declaration set up a good cause of action at common law against the defendants, but his proof did not sustain that action. Therefore, the court was bound under the law to instruct the jury to return a verdict for defendants.

Plaintiff also argues that even if all of the three parties—plaintiff, his employer and defendants—were presumed to be under the Workmen's Compensation Act, the suit should have been continued for the benefit of plaintiff's employer under clause 1, sec. 29 of the Act [Callaghan's 1916 Stat. ¶ 5475(29)]. It is sufficient to say that no such suggestion was made at the trial.

It is also argued that section 29 of the Act is unconstitutional. The Supreme Court has held otherwise a number of times. *Friebel v. Chicago City Ry. Co.*, 280 Ill. 76 [16 N. C. C. A. 390] ; *Keeran v. Peoria, B. & C. Traction Co.*, 277 Ill. 413; *Gones v. Fisher*, 286 Ill. 606. However, the plaintiff by bringing his appeal to this court, waived such question. *Clark Teachers' Agency v. City of Chicago, post,* p. 319; *Armour & Co. v. Industrial Board*, 275 Ill. 328.

It is unfortunate that plaintiff should be deprived of a good cause of action on the presumption that defendants were under the Compensation Act, if the facts would show that defendants had elected not to be bound by it, but, under the decisions as we understand them, plaintiff should have alleged and proved that defendants had elected not to be bound by the act.

The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

TAYLOR, P. J., and THOMSON, J., concur.