## Mrs. R. W. McKinnon for use of Commercial Union Assurance Company, Ltd., Appellant, v. Studebaker Sales Company of Chicago, Appellee.

### Gen. No. 31,655.

1. SUBROGATION—*necessity that subrogee plaintiff verify its pleading.* In an action brought for the use of a subrogee, it is mandatory under section 18 of the Practice Act, Cahill's St. ch. 110, ¶ 18, that the subrogee allege, on oath, that it is the actual bona fide subrogee and set forth how and when it became such.

2. SUBROGATION—*necessity of alleging that subrogee insurance company paid owner for loss of chattel.* In an action by the owner of an automobile to the use of a subrogee against an automobile company for failure to return a car it received to repair, in alleging that the subrogee insurance company paid the owner for the loss it is not necessary to allege the nature of the contract between the insurance company and the owner *as a basis to determine whether the subrogee paid under* legal necessity or merely as a volunteer, since the fact of payment is immaterial.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Affirmed. Opinion filed October 10, 1927.

KREMER, BRANAND & HAMER, for appellant.

ISAAC B. LIPSON, for appellee; FRED E. NEWTON, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of assumpsit against the defendant to recover the value of an automobile which, it was alleged, plaintiff had delivered to the defendant

for minor repairs and which the defendant refused and failed to return to her.  A general demurrer was sustained to plaintiff's amended declaration.  Plaintiff elected to stand by the amended declaration, the suit was dismissed and this appeal follows, so that the question involved is:  Did the amended declaration state a cause of action?

The amended declaration alleged in substance that the defendant was the owner and proprietor of a certain automobile salesroom in Evanston, Illinois; that it held itself out to the general public as being ready and willing to repair and make minor adjustments on Studebaker automobiles purchased from it in consideration of the purchase and a reward; that Mrs. McKinnon, the plaintiff, purchased a Studebaker automobile from the defendant in May, 1926, for which she paid $1,400; that about June 9, 1926, plaintiff delivered the automobile to the defendant at its place of business in Evanston for the purpose of having some minor adjustments made and for the further purpose of storing the same; that the defendant agreed to make such adjustments and to keep the automobile for plaintiff and that it would redeliver the same to her upon her request; that afterwards the defendant refused and it failed to deliver the automobile to plaintiff, and damages were laid in the sum of $2,000.  There was a further allegation that Mrs. McKinnon was insured against loss on the automobile in the Commercial Union Assurance Company, Ltd., a corporation, the usee, for $1,300; that on August 25, 1926, the Assurance Company, the usee, paid to Mrs. McKinnon the $1,300; that she executed and delivered to the Assurance Company "proper articles of subrogation, assigning to said Commercial Union Assurance Co., Ltd., any and all right of action she might have to recover of and from the defendant."

It is stated in the briefs that the court sustained the demurrer to the amended declaration, because the

598    APPELLATE COURTS OF ILLINOIS.

McKinnon v. Studebaker Sales Co. of Chicago, 245 Ill. App. 596.

Commercial Union Assurance Company, Ltd., a corporation, the usee did not, in its pleading, on oath allege that it was the actual bona fide subrogee and set forth how and when it became such, as required by section 18 of the Practice Act, Cahill's St. ch. 110, ¶ 18. And the defendant contends that the ruling of the trial court was right and should be affirmed because by section 18 it is mandatory, where a suit is brought by a subrogee, to set up in his pleading how and when he became such subrogee, and verify the same. Counsel for the defendant point out that while under section 18 of the Practice Act the assignee of a chose in action, where suit is brought in the name of the assignor, need not verify his pleading, nor set forth how or when the assignee acquired title, as held by this court in *R. C. McGill & Co. for use of Lewis-Simas-Jones Co. v. Peerbolte,* 243 Ill. App. 616, but that there is a different provision where suit is brought by a subrogee; that section 18 provides that an assignee of a chose in action *may* sue thereon in his own name, while the provision in the same section in reference to a suit brought by a subrogee provides that the suit *shall* be brought either in the name of or for the use of the subrogee. The provision of section 18 now under consideration was passed by the legislature in 1925 and is as follows:

"Any proceeding or suit at law or in equity hereafter brought under or by virtue of the subrogation provision or provisions of any contract or under or by any subrogation by operation of law shall be brought either in the name of, or for the use of the subrogee: *Provided* the subrogee shall in his pleading [on] oath, or by his affidavit, where pleading is not required, allege that he is the actual *bona fide* subrogee and set forth how and when he became the subrogee."

Plaintiff contends that the paragraph from section 18, just quoted, properly construed means that where an action is brought in the name of the subrogee the plaintiff must, on oath, allege in his pleading that he

is the actual bona fide subrogee and how and when he became such, but that the provision does not apply where suit is in the name of the original owner for the use of the subrogee. We are unable to agree with the contention of plaintiff. Where a statute is clear and unambiguous there is no room for construction. We think the provision of section 18 is clear and unambiguous. In the instant case the Assurance Company is seeking to recover by virtue of the subrogation provision of a contract entered into between it and Mrs. McKinnon, or by virtue of operation of law, or both, and the statute provides that in such case the suit shall be brought "in the name of or for the use of the subrogee," provided that the subrogee shall in its pleading, on oath, allege that it is the actual bona fide subrogee, setting forth how and when it became such subrogee. This plaintiff failed to do and in this respect failed to comply with the plain provision of the statute. In these circumstances we think the demurrer was properly sustained. Whether the statute is wise or unwise is a question for the legislature and not for the courts.

The defendant further also contends that the amended declaration was further defective and the demurrer to it properly sustained because the averments failed to show the nature of the contract between Mrs. McKinnon and the Assurance Company, so that the court could determine whether the usee paid under legal necessity or merely as a volunteer. This contention cannot be sustained. The declaration having alleged the delivery of the automobile to the defendant under the circumstances and the defendant's failure to return it, a cause of action was stated and it is no concern of defendant that Mrs. McKinnon has been paid by an Assurance Company. *Vose v. Central Illinois Pub. Service Co.*, 286 Ill. 519; *Byalos v. Matheson*, 243 Ill. App. 60; *Allen & Arnink Auto Renting Co. v. United Traction Co.*, 91 Misc. 531, 154 N. Y. S. 934.

The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.