The C. J. DeWit Company, Appellee, v. Central Lime and Cement Company, Appellant.

Gen. No. 32,442.

Opinion filed October 3, 1928.

JOSEPH H. HINSHAW, for appellant.

GEORGE D. ANTHONY and GOODNOW, ALLABEN & SNEWIND, for appellee; MAX F. ALLABEN, of counsel.

Mr. Justice Taylor delivered the opinion of the court.

This is an appeal by the Central Lime and Cement Company, the defendant, from a judgment of the superior court in favor of The C. J. DeWit Company, the plaintiff, and against the defendant, for $1,650, entered upon a verdict of a jury in an action on the case brought by the plaintiff against the defendant on account of the death of Nuncio DeCinto, an employee of the plaintiff, caused by the negligence of an employee of the defendant whereby the plaintiff, on account of its liability under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.* (both plaintiff and defendant being subject to that act), became liable to pay, and did pay the sum of $1,650 to the dependents of Nuncio DeCinto.

The declaration contained five counts, all of which were dismissed except the first. It was therein alleged that both parties were under the Workmen's Compensation Act; that DeCinto (the deceased), an employee of the plaintiff, while in the exercise of due care, was killed through the negligence of the defendant; that the plaintiff was compelled to pay $1,650 because of DeCinto's death; and that the plaintiff was subrogated to the rights of DeCinto, deceased, against the defendant, under section 29 of the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 229. The declaration was not verified. The defendant pleaded only the general issue.

The evidence showed that on the afternoon of July 15, 1925, DeCinto, while employed as a building laborer by the plaintiff, and while working in an alley between Forty-Sixth and Forty-Seventh Streets, in Chicago, was run into and killed through the negligence of a driver of a truck belonging to the defendant.

No claim is made here that the finding of the jury that the defendant was guilty of negligence was erroneous; nor is any claim made that DeCinto, as an employee of the plaintiff, and the defendant were not on

the day in question working under the provisions of the Workmen's Compensation Act.

In the course of the trial the defendant offered to prove that the plaintiff had a policy of insurance issued by the London Guarantee and Accident Company, Limited, by which the latter company agreed to pay to the plaintiff any amount it, the plaintiff, was called upon to pay under the Workmen's Compensation Act by reason of injury to any one of its employees; and also offered to prove that the insurance company certi-fied to the Industrial Commission of Illinois that the plaintiff was insured by it, the insurance company, in accordance with the Workmen's Compensation Act. It was urged for their admission that they showed that the insurance company was subrogated to all the rights of the plaintiff, and that the insurance company should have brought suit in its own name. The learned trial judge, however, rejected the proffered evidence on the ground that it was immaterial.

It was admitted by both sides, in the absence of the jury, that the insurance was paid by the insurance company to the plaintiff.

It is contended for the defendant that the suit should have been brought in the name of the insurance company, or in the name of the assured for the use of the insurance company. On the other hand, it is urged by the plaintiff that where an employee who is subject to the Workmen's Compensation Act is killed through the negligence of an employee of a third party, who is also subject to the terms of the Workmen's Compensation Act, and compensation is paid by the employer, the employer may bring a suit in his own name, and, further, that no pleading oath is required supporting the declaration.

Cahill's St. ch. 48, ¶ 229, provides as follows:

"Where an injury or death for which compensation is payable by the employer under this Act, was not proximately caused by the negligence of the employer

or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this Act, or being bound thereby under section three (3) of this Act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee.''

It is provided by section 18 of Chapter 110, Cahill's St. ch. 110, ¶ 18, that

''Any proceeding or suit at law or in equity hereafter brought under or by virtue of the subrogation' provision or provisions of any contract or under or by any subrogation by operation of law shall be brought either in the name of, or for the use of the subrogee: *Provided* the subrogee shall in his pleading oath, or by his affidavit, where pleading is not required, allege that he is the actual bona fide subrogee and set forth how and when he became the subrogee.''

This suit was brought under paragraph 229, *supra,* and, in our judgment, properly so. It was not brought, and it was not necessary that it should be brought, by virtue of any ''subrogation provision,'' and so section 18, *supra,* was not in any way applicable.

Even though a suit by the insurance company as subrogee, or by the plaintiff for the use of the insurance company, might have been brought, it does not follow that the plaintiff did not have the right to avail itself of the power given by paragraph 229, *supra,* and expressed in the words, ''such employer may bring legal proceedings against such other person to recover the damages sustained in an amount * * * of compensation payable under this Act, by reason of the

injury or death of such employee." From the foregoing it follows that as section 18 does not apply, it was not necessary that the plaintiff's declaration should have been verified by an oath.

In our judgment, the court properly excluded the policy of insurance and also the certificate to the industrial commission. They were both immaterial. They might be evidence of some equity on the part of the insurance company, but the insurance company was not a party to the suit, and they did not in any way tend to show that the plaintiff had extinguished its right to sue by reason of the power given it under paragraph 229, *supra.*

It is urged for the defendant that the trial judge erred in permitting a witness for the plaintiff to testify that a certain amount of "money" was paid. The witness was asked how much money was paid and counsel for the defendant objected that the question ought to be limited to "currency because it is not the best evidence." The witness answered, "$1,650.00." In our judgment, the objection as stated was untenable.

Objection is made that error was committed in regard to three instructions, two of which were given for the plaintiff, and one of which was refused. We have examined all the instructions and find no errors that would justify a reversal.

For the reasons stated the judgment will be affirmed.
*Affirmed.*

HOLDOM, P. J., and WILSON, J., concur.