Sewell M. Osgood, Appellee, v. Chicago and North Western Railway Company, Appellant.

Gen. No. 33,409.

Opin-ion filed June 24, 1929.

Nelson J. Wilcox, Nelson Trottman and I. C. Belden, for appellant.

William L. Hart, for appellee; William L. Hart and Joseph P. Brodie, of counsel.

Mr. Presiding Justice McSurely delivered the opinion of the court.

On the trial of an action to recover for damages to his automobile, plaintiff had a verdict for $278.60. From the judgment thereon defendant appeals.

The facts tending to show negligence of defendant's servant whereby the defendant's locomotive ran into and collided with plaintiff's automobile are not dis-

cussed in the brief. The only question presented is whether section 18 of the Practice Act, ch. 110, as amended in 1925, Cahill's St. 1927, ch. 110, ¶ 18, applies. This amendment is as follows:

"Any proceeding or suit at law or in equity hereafter brought under or by virtue of the subrogation provision or provisions of any contract or under or by any subrogation by operation of law shall be brought either in the name of, or for the use of the subrogee: *Provided* the subrogee shall in his pleading oath, or by his affidavit, where pleading is not required, allege that he is the actual *bona fide* subrogee and set forth how and when he became the subrogee."

It is to be noted that the present action does not purport to be brought by a subrogee but by the owner of the automobile alone, but defendant argues that it offered, out of the presence of the jury, to prove that this action was in fact brought under the subrogation provisions of an insurance contract; that plaintiff in fact paid only $50 of the loss and that the insurance company paid the balance; that plaintiff was not entitled to anything over $50 and that the Chicago Motor Club, the insurance company, was subrogated to plaintiff's interest and was the real party in interest to the portion over $50, and therefore defendant asked that the action be dismissed as not having been brought under section 18. This motion was denied and we are of the opinion that the court properly held that this section did not apply. The statute clearly applies only to any proceeding brought by a subrogee or for his use. Here, the subrogee is not trying to recover anything; he is not a party to the suit and the section therefore does not apply.

But it is said that in *McKinnon v. Studebaker Sales Co.*, 245 Ill. App. 596, this section was held applicable. The opinion in this case is not in point. That suit was entitled "Mrs. R. W. McKinnon for use of Commer-

cial Union Assurance Company, Ltd.'' vs. Studebaker Sales Company, and the declaration alleged that Mrs. McKinnon was insured against loss in the Commercial Union Assurance Company which paid the loss to her and that she executed and delivered to it ''proper articles of subrogation,'' assigning to it her right of action, but the insurance company did not in its pleading on oath allege that it was the actual *bona fide* subrogee nor set forth how and when it became such. It was held that such allegations were required by section 18 of the Practice Act and therefore the declaration was obnoxious to a demurrer. Here, as we have said before, the suit does not purport to be brought for the use of any subrogee, but is brought solely in the name of the party suffering the wrong.

Neither is the opinion in *C. J. DeWit Co. v. Central Lime & Cement Co.*, 250 Ill. App. 161, in point. That was a suit brought by an employee under the provisions of the Workmen's Compensation Act, and it was held that the suit was not brought by virtue of any subrogation proceeding and that section 18 of the Practice Act was not applicable. In the opinion the court by way of *dictum* said that the insurance company might have brought the suit as subrogee, in which event section 18 would apply.

The owner suffering the injury and the subrogee are not the same in any case. It would be unjust to hold that an owner of property who is in whole or in part protected by insurance has no right of action for damages and cannot maintain a suit except in the name of the insurance company as subrogee. It has been uniformly held that any reference to the fact in a trial by jury that the owner was protected by insurance is reversible error. To compel an insured owner to bring suit in the name of the insurance company would be revolutionary of the established practice.

We have recently decided in *Clancey v. McBride*, 251 Ill. App. 157, that only one cause of action may be

maintained for damages sustained from a single tort. The rule contended for by the defendant would require two suits for the same tort, where the owner was only partially insured; one suit to be in his own name for his own damages and the other by the subrogee, for the amount it had paid on its policy of insurance.

Furthermore, damages to be recovered by an owner are measured by the value of the property destroyed or the cost of necessary repairs. This is not necessarily determined by the amount of insurance carried.

If an insurance company as subrogee should obtain a judgment for the amount of insurance paid to the owner, this would discharge the wrongdoer from all further liability leaving the owner without any recourse for damages sustained above the amount paid him by the insurance company.

In *Byalos v. Matheson,* 328 Ill. 269, where it was contended that the plaintiff having collected his loss from the insurance company could not maintain an action against the defendant, the Supreme Court said:

"The insurance company did not make the payment for the benefit of the appellant and the payment did not discharge the appellee's right of action against him. (*American Express Co. v. Haggard,* 37 Ill. 465.) If insured property is destroyed by the act of a wrongdoer, the owner of the property may sue the wrongdoer though the insurance company may have paid the loss. *Vose v. Central Illinois Public Service Co.,* 286 Ill. 519."

Although this suit arose before the amendment of 1925 of section 18, yet the rule is equally applicable to the present section as amended.

For the reasons indicated, we are of the opinion that the trial court ruled properly, and the judgment is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.