General Motors Acceptance Corporation, Appellant, v. Leland A. Keran and Employers' Liability Assurance Corporation, Ltd., Appellees.

Gen. No. 41,880.

Heard in the first division of this court for the first district at the October term, 1941. ▮▮▮ Opinion filed April 20, 1942.

KREMER, BRANAND & HAYES, of Chicago, for appellant.

OTTO M. HAMER, of Chicago, for appellee Employers' Liability Assurance Corp.; CHESTER D. KERN, of Chicago, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff filed a creditor's bill seeking to obtain from the defendant insurance company payment of $2,051.70 which plaintiff alleged it paid to certain parties because of the negligence of its employee, Leland A. Keran, who also is named as a defendant; Keran filed no answer to the complaint and presented no defense. Upon trial by the court the complaint was dismissed for want of equity, and plaintiff appeals.

Keran was employed by plaintiff as a collector of delinquent accounts; he was driving a Chevrolet automobile owned by plaintiff and furnished to him by it for use in his work. In the evening of March 17, 1937 this car developed motor trouble; he took it to the garage of the Yanson-Chevrolet Company in Chicago Heights and was told that repairs could not be completed that evening, and Keran asked for and was given another car by Yanson so that he could finish his work. That evening, with the borrowed car, Keran ran into two pedestrians, both elderly ladies, killing one and slightly injuring the other. Claims were made against the plaintiff, Keran's employer, for these injuries and payment was made by it and releases from both claimants were given.

Subsequently plaintiff brought suit against Keran to recover the amount so paid, alleging that he was its

employee as a collector of delinquent accounts and that "while on the business of plaintiff" the automobile driven by him ran into the two women and that claims were made against plaintiff for these injuries, which it settled. Plaintiff had judgment against Keran for $2,051.70.

The creditor's bill in the instant case alleges that the defendant insurance company had issued its policy of insurance to Yanson to cover the legal liability of any prospective purchaser "or customer of the Assured for liability or property damage claims arising while said prospective purchaser or customer is driving or riding in any automobile loaned to him by the Assured." Plaintiff's theory is that, as the automobile Keran was driving at the time of the accident had been loaned to him by Yanson, Keran was a customer of Yanson within the meaning of this policy and that the defendant company, because of the liability created by the policy, became indebted to Keran, the customer, in an amount which plaintiff was entitled to have applied on its judgment against Keran.

To this defendant insurance company filed an answer asserting first that Keran was not the customer of Yanson. In support of this point it is shown that the automobile left with Yanson was owned by the plaintiff, General Motors, and furnished to Keran by it for use in his work as collector for plaintiff; that its care and upkeep was provided by plaintiff; that Yanson had had business relations with plaintiff and knew that Keran was its employee and that the car left to be repaired was the property of the plaintiff. Keran had no specific directions from plaintiff where to take the car for repairs but it was the policy of plaintiff that cars driven by field men should, when necessary, be taken to a dealer with whom it was doing business. Bills for repairs were paid by the field men and plaintiff reimbursed these men for such sums so paid. Yanson's bill in the particular instance was paid by Keran, who

was later reimbursed by plaintiff. Defendant argues forcefully that the plaintiff, like all corporations, must transact business through its agents and servants and that Yanson knew he was dealing with an agent of plaintiff and was repairing one of its cars, and that in fact the transaction, including the loaning of the car to Keran, was between plaintiff and Yanson.

The facts above stated tend to support defendant's position that Keran, in the occurrence described, was not the customer of Yanson. However, there is another reason which definitely sustains the ruling of the chancellor in dismissing plaintiff's complaint.

Defendant as an additional defense in its answer asserted that plaintiff's liability was covered by an accident policy issued to it by the Royal Indemnity Company, which had indemnified plaintiff for the amount it had paid to satisfy the claims made on behalf of the injured persons. To this plaintiff replies that a wrongdoer may be sued for damages although an insurance company may have paid the loss to the person wronged, citing *Byalos v. Matheson*, 328 Ill. 269, and other cases to the same effect. But none of these cases is applicable to the present situation. The defendant insurance company is not a wrongdoer. We know of no rule of law that permits a party who has paid a legal tort liability, for which it has been reimbursed by an insurance company, to recover a like amount from another insurance company. We are referred to no cases so holding.

Defendant's answer further asserted that the policy issued by it to Yanson contained, among other provisions, the following: "It is further understood and agreed that the coverage herein granted is excess coverage over and above any other valid and collectible insurance applicable to a claim covered hereby"; that the policy of the Royal Indemnity Company to General Motors had a limit of liability of $10,000 and $20,000; that the amount paid by General Motors to satisfy the claims was less than $2,000, and that its (defendant's)

policy to Yanson was for liability only in excess of any other valid and collectible insurance. This is a sufficient defense.

Plaintiff made motions to strike the affirmative defenses filed by the defendant, which motions were denied. No replications were filed to the answer but plaintiff stood by its motions to strike. Such a motion admits the facts which are directly alleged. *Barzowski v. Highland Park State Bank*, 371 Ill. 412.

For the reasons indicated the decree of the trial court is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.