John Laurie, d/b/a Laurie's Pizzeria, Appellee, v.
Holland America Insurance Company, a Foreign
Corporation, Appellant.

Gen. No. 48,213.

First District, Third Division.

June 7, 1961.

Mckinley and Price, of Chicago, for appellant.

Conrad G. Verges and George B. Collins, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

John Laurie, d/b/a Laurie's Pizzeria, hereafter referred to as the plaintiff, brought suit against Holland America Insurance Company, hereafter referred to as the defendant, in the Town Court of Cicero, Cook County, Illinois. The suit was brought to recover medical payments alleged to be due under an insurance policy issued by the defendant. The court, on motion of the plaintiff, entered a summary judgment on the pleadings in favor of the plaintiff for the sum of $1,316.05, from which judgment this appeal is taken.

In his complaint the plaintiff alleges that the defendant on January 14, 1958 executed and delivered its policy of insurance, No. AC 106246, whereby it insured plaintiff for medical payments payable "to or for each insured" who sustains bodily injury caused by accident through being struck by an automobile etc. for a term of one year from January 14, 1958. A copy of the policy is attached to the complaint. Plaintiff further alleges that Jerry Laurie, the son of the named insured, was struck by an automobile and incurred medical bills which the defendant refused to pay.

The defendant filed an answer in which it stated that at the time in question as alleged in the complaint there was in full force and effect another policy of insurance issued by the defendant, bearing No. AC 105809, which insured the plaintiff for medical payments payable to or for each insured who sustained bodily injury caused by an accident through being struck by an automobile etc.; that the plaintiff submitted proof under that policy of the accident sustained by Jerry Laurie; and that payment of the amount of the bills thus incurred in the amount of

438

$1,316.05 was made to the insured under that policy of insurance. The answer further alleged that the policy of insurance sued on contained a provision in regard to "excess" insurance.

While we have only the policy of insurance sued on before us, it is agreed by both parties in their briefs that the two policies contained identical provisions with reference to the coverage and to the "excess" insurance. The provisions were as follows:

> "Coverage C—Automobile Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
> " . . .
> "Division 2. To or for each insured who sustains bodily injury, sickness or disease, caused by accident, while in or upon, or while entering into or alighting from, or through being struck by an automobile."
> "21. Other insurance—Coverage C: . . . Under division 2 of coverage C, the insurance shall be excess over any other valid and collectible automobile medical payments insurance available to an insured under any other policy."

The injured boy was covered by both policies. He had incurred medical bills amounting to $1,316.05 on account of the accident. The question presented to us is whether the defendant, having under one policy paid all of the medical expenses incurred by Jerry Laurie as a result of his having been struck by an automobile, is under the terms of the other policy required to again make payment for the same medical expenses arising out of the same accident.

439

We have not been referred to any case, nor have we been able to find one, where this precise question was determined. The inclusion of clauses such as this in liability and accident policies is a comparatively recent development in insurance law. Cases have arisen between insurance companies on liability policies where one company has paid the total loss and seeks reimbursement from another company having a policy covering the same loss when both policies have "excess" insurance clauses. In determining a case such as the instant one, where the same company has issued identical policies covering the same loss, the reasoning in the above mentioned cases is helpful.

In the annotation in 122 A.L.R. 1204, at pp. 1207–8, it is said:

"An interesting situation is presented when two policies of insurance are taken out to protect against the same risk, both containing a provision that in the event other insurance, whether prior or subsequent in point of time to the present policy, is issued to cover the risk insured, the liability under the present policy shall be limited to any excess of the loss over the amount of such other insurance, and a loss occurs in an amount less than the face amount of either policy. It is apparent that there are several possible positions which might be taken with regard to the liability of either or both of the insurers under these circumstances. The view might be taken that in a suit on policy A the effect of the provision contained therein is to limit the insurer's liability to the excess of the loss over the face amount of policy B and, since the loss is admittedly less than the face amount of Policy B, the insured cannot recover. Should this view be adopted the conclusion would seem inevitable that in a suit on policy B the same reasoning must apply and no recovery

440

could be had thereon, unless of course it could be shown that at the time the policies were issued the insured and the two insurers agreed between themselves as to which of the policies should be primarily liable for any loss. While the final result of the foregoing reasoning, namely, the inability of the insured to recover on either policy, seems at first blush to be unjust, some justification might be found for it in those considerations of public policy which condemn the procurance of overinsurance, at least where it appears that the property was at all times within the management and control of the insured.

"Another view of the legal situation presented from the existence on the same risk of two policies of insurance containing 'excess coverage' clauses, which is, in essence, the converse of the position just referred to, might be adopted. The conclusion might be reached in a suit on policy A that since the excess coverage provision contained therein is not operative in the absence of other insurance on the risk and since it may be said that there was no insurance in existence by virtue of policy B, which by its terms was inoperative because there was other insurance on the risk in a sum exceeding the amount of the loss, the excess coverage provision in policy A never became effective and the insured is entitled to maintain his action. . . .

"A third view, seemingly less logical than either of the two preceding positions, is conceivable. This is, simply, that an action may be maintained only on the policy first issued. In other words, the conclusion might be reached that if one policy containing an excess coverage clause is procured on the risk in question, its effect is to limit the liability under any subsequent policies containing similar clauses to the excess of the

441

loss over the face amount of the prior policy, and that if the loss is less than the amount of such prior contract, recovery can only be had thereunder. The difficulty with this position is, of course, that the excess coverage provisions, by their terms, seem to apply equally to policies preceding or following in point of time the policy containing the provision in question. Consequently, in order to give full effect to the intention of the parties to policy A, the excess coverage clause of that contract must be held to apply to policy B whether the latter was executed before or after the execution of policy A."

The first conclusion reached in the annotation is mentioned by the plaintiff in his brief, and he rejects it since it would result in "an unintended absurdity," as was said in Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co., 28 N. J. 554, 147 A.2d 529. In that case the court further says:

". . . the courts have developed many varied and irreconcilable tests for determining which policy is 'primary' and which 'secondary.' As was said in Oregon Auto Ins. Co. v. United States Fidelity & Guaranty Co., 195 F.2d 958, 959 (9 Cir. 1952):
" 'These decisions point in all directions. . . . Their reasoning appears to us completely circular, depending, as it were, on which policy one happens to read first.' "

The most recent case in this jurisdiction is Continental Cas. Co. v. New Amsterdam Cas. Co., 28 Ill. App.2d 489, 171 N.E.2d 406. This is a case where Amsterdam had issued an automobile liability policy, a provision of which policy covered the insured while driving a rented automobile with the further proviso that the insurance under such circumstances would be

"excess" insurance over any other valid and collectible insurance available to the insured. The insured rented a car covered by a liability policy which would protect the insured while driving such car. That policy also contained a similar "excess" insurance clause. While the insured was driving the car an accident resulted. Continental settled the claim of the injured party. It was admitted that the settlement was in good faith and not excessive. Continental brought suit against Amsterdam for reimbursement for a proportionate share of the money paid in settlement. Continental urged that within the past decade every court of review in this country, when confronted with two policies containing "excess" coverage clauses, has ordered each company to pay a pro rata share of the judgment or settlement. The court cites and relies on Oregon Auto. Ins. Co. v. United States Fidelity & Guar. Co., 195 F.2d 958, in which case the court says:

"Other cases seem to recognize the truth of the matter, namely, that the problem is little different from that involved in deciding which came first, the hen or the egg. See remark of Judge Major in Zurich General Accident & Liability Insurance Co. v. Clamor, 7 Cir., 124 F.2d 717, 719."

The court in the Oregon Auto case holds it is immaterial which policy was written first since each was in effect when the accident occurred, and the court says:

"We understand the parties to concede that where neither policy has an 'other insurance' provision, the rule is to hold the two insurers liable to prorate in proportion to the amount of insurance provided by their respective policies. Here, where both policies carry like 'other insurance' provisions, we think must be held mutually repugnant and hence be disregarded."

443

The court there held that the proration is to be made with respect both to the damages and the expense of defending the suit.

In Continental Cas. Co. v. New Amsterdam Cas. Co., the court points out that the rule laid down in the Oregon Auto case has been followed by various other federal and state courts, and it reaches the same conclusion.

In all of those cases the courts have attempted to reconcile the conflicting clauses. See "Automobile Liability Insurance—Effect of Double Coverage and 'Other Insurance' Clauses," 38 Minn. L. Rev. 838. In Lamb-Weston, Inc. v. Oregon Automobile Ins. Co., 341 P.2d 110 (Ore.), the court says that "any attempt to give effect to the 'other insurance' provision of one policy while rejecting it in another is like pursuing a will o' the wisp." The court further says:

> "The 'other insurance' clauses of all policies are but methods used by insurers to limit their liability, whether using language that relieves them from all liability . . . [or using language of the 'excess' or 'pro rata' clauses.] In our opinion, whether one policy uses one clause or another, when any come in conflict with the 'other insurance' clause of another insurer, regardless of the nature of the clause, they are in fact repugnant and each should be rejected in toto."

In that case the court also imposed one-half liability on each of the insurers.

What the court really does in those cases is to treat the "excess" insurance clause as though it were a "pro rata" clause. In "Insurance," 35 N. Y. Univ. L. Rev. 414 (1960), it is said:

> "Not all courts would agree, however, that even if both policies are to be viewed as primary, liability should be shared equally, though recent

cases seem to be moving in that direction. In the excess-excess combination it is easy to conclude that both insurers are primary, for the only alternative would be an effective cancellation of the opposing policy."

█ The plaintiff strenuously contends that since the above rule was laid down in cases dealing with liability insurance it should not apply to the instant case since it involves a policy of accident insurance. With this contention we cannot agree. The policy provision in the instant case is one of indemnity. By its terms it provides that the insurer will pay the insured for medical expenses incurred which arise out of an automobile accident. In 44 C.J.S. Insurance, sec. 1, it is said: "Except for life insurance . . . and sometimes accident insurance . . . insurance is a contract of indemnity, generally for the benefit of the insured and those in privity with him." We also find in 1 Couch on Insurance (2d), Sec. 1:9, the following:

> "Insurance, other than that of life and accident where the result is death, is a contract of indemnity, by which is meant that the party insured is entitled to compensation for such loss as has been occasioned by the perils insured against, the right to recover being commensurate with the loss sustained, or with the amounts specified, as in cases of life insurance and valued policies."

An accident or health policy is primarily a contract of indemnity, while a life insurance policy is a contract to pay a fixed sum at death. Kahn v. Continental Cas. Co., 325 Ill. App. 1, 19, 59 N.E.2d 524, 533. In Wood v. American Security Life Ins. Co., 304 S.W.2d 559 (Tex.), the court holds that a hospital and surgical expense policy was a contract of indemnity. In Healey v. Mutual Acc. Ass'n, 133 Ill. 556, 560, 25 N.E. 52, 53, the court says:

445

"A policy of accidental insurance is issued and accepted for the purpose of furnishing indemnity against accidents, and death caused by accidental means, and the language of the policy must be construed with reference to the subject to which it is applied."

■ Where an accident policy provides for a death benefit or provides for a specific payment for loss of limb or injury it no longer is strictly a contract of indemnity and the rules applicable to life insurance would govern. 1 Couch on Insurance (2d), sec. 1:16. Under the ordinary accident insurance policy, once the injured party has been made whole there can be no additional recovery. By an automobile liability policy the insurer agrees to indemnify the insured for loss sustained by reason of damages caused as a result of the operation of the insured car. 1 Couch on Insurance (2d), sec. 1:20. The ordinary accident policy (lacking death benefit or provisions for specific payment) is one in which the insurer agrees to indemnify the insured against loss incurred as a result of an injury. Both such insurance contracts are strictly contracts of indemnity. We are aware that such contracts of insurance are not similar in all respects.

Here, considering both liability and accident insurance contracts, we are only concerned with the law governing the relation between the insured and the insurer or insurers. There is no reason why there should be any difference in applying the same rules of law to both types of insurance policies. In both cases the court is giving effect to a contract of indemnity, and the same rules should be applied to exclusionary clauses in either type of insurance.

Had the policies in the instant case been issued by two companies, one of which had paid the full amount, applying the rules laid down with reference to liability policies, it is our opinion that the second company

could recover its pro rata share from the first. In this case had the plaintiff in the first instance brought suit against the defendant company upon both policies, he would not be entitled to two recoveries. He would be entitled to a recovery sufficient to indemnify him for the loss which he incurred growing out of the accident.

Plaintiff has cited certain cases in support of his contention. In Severson v. Milwaukee Automobile Ins. Co., 265 Wis. 488, 61 N.W.2d 872, 42 A.L.R.2d 976, the court held that where medical and funeral expenses have been recovered against the insurer as an element of damage in a negligence case the injured person's administrator was entitled to another recovery under the medical expense provisions of the policy by the terms of which the insurer undertook to pay reasonable medical expenses incurred, and the court took the view that since there was no applicable exclusionary clause recovery under both provisions of the policy might be had. Kopp v. Home Mutual Ins. Co., 6 Wis.2d 53, 94 N.W.2d 224, was a case in which the insured sought to recover under medical payment coverage for the amount of hospital expense resulting from an accident while driving the insured automobile, and the court held that there could be recovery even though part of such bill had been paid by hospitalization insurance of which the insured was a subscriber. In that case the policy provided that the insurance company would pay "all reasonable expenses incurred." The court took the view that since that provision of the policy does not say *who* is required to incur the expense in order for the insured to recover for services supplied to him, there is an ambiguity under which the court permitted the insured to recover the part of the hospital bill which had been paid by the hospitalization insurer. In that case there was no "excess" insurance clause involved. In Wahl v. Interstate Business Men's Acc. Ass'n, 201 Iowa 1355, 207 N. W. 395, 50 A. L. R.

447

1374, the court held that a clause in an accident insurance policy, providing for prorating if the insured carries other insurance covering the same loss, is not applicable since it construes the provisions in the other policies as not technically covering the same loss, and the court says: "In the ordinary life policy, taken out to provide for one's dependents, it is a misnomer to speak of death as a 'loss' in the sense in which the burning of a building is spoken of as a 'loss.' " None of these policies are applicable to the instant case, in which the policy provisions contain applicable unambiguous exclusionary clauses.

The plaintiff also cites Vose v. Central Illinois Public Service Co., 286 Ill. 519, 122 N. E. 134; which holds that where an employer has paid workmen's compensation to an employee and brings an action against a third party whose negligence caused the injury, evidence that the plaintiffs had caused their employees to be insured is inadmissible. That case is of no help to the plaintiff.

We note that in Kosick v. Hospital Service Corp., 12 Ill.App.2d 291, 139 N.E.2d 619, the plaintiff sued to recover certain hospital expenses under a certificate issued by "Blue Cross." The certificate contained a clause excluding from coverage thereunder the following: "Care of injuries or diseases for which the Member is entitled to hospital care, or for which he receives any award or settlement in any proceeding filed, under workmen's compensation . . . ." The plaintiff had had a lump sum settlement under the provisions of the Illinois Workmen's Compensation Act. The claim which he had successfully prosecuted under the Act included medical, surgical and hospital services to which he was entitled under the terms of the Act. The court held that the exclusionary clause was applicable and the plaintiff could not recover.

■ ■ When it is kept in mind that the extent of the liability assumed by an insurance company is that which is set out in its contract and that in each of the policy provisions in the instant case the insurance company agreed to pay for the medical expenses incurred by the insured arising out of an automobile accident, it is apparent that the contract is purely and simply a contract of indemnity and that only one recovery can be had by the insured. General Motors Acceptance Corp. v. Keran, 314 Ill. App. 320, 323, 41 N.E.2d 211, 212. Here the two policies were issued by the same insurance company. The insurance company has paid under one of the policies a sum which indemnifies the plaintiff for all medical expenses incurred by him. Treating the policy provisions strictly as a policy for indemnity there is grave doubt as to whether the plaintiff could have had a double recovery had there been no "excess" insurance clause. With such clause in both policies no further recovery is possible.

The judgment of the Town Court of Cicero is reversed.

Reversed.

SCHWARTZ, P. J. and DEMPSEY, J., concur.